STATE of Wisconsin, Plaintiff-Respondent,

v.

Donald MINNIECHESKE, Defendant-Appellant-Petitioner.

Supreme Court

*No. 84–1547–CR. Argued November 26, 1985.—Decided December 23, 1985.*

(Also reported in 378 N.W.2d 283.)

For the defendant-appellant-petitioner there were briefs and oral argument by *Richard D. Martin,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *Steven D. Ebert,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

STEINMETZ, J. The first issue of the case is whether a circuit court may accept a no contest plea when the defendant refuses to answer questions put to him at the plea hearing and repeatedly states that he is not waiving any of his constitutional rights.

The second issue is whether a no contest plea may be accepted without the circuit court explaining to the defendant the nature of the charge.

We hold that the defendant's plea should not have been accepted because of his intransigent refusal to answer questions and to waive his constitutional rights, and because the circuit court did not explain the nature of the charge. Accordingly, we reverse the decision of the court of appeals, remand the matter to the circuit court and direct the circuit court to permit the defendant to withdraw the no contest plea and set the matter for trial.

On October 18, 1982, a summons and complaint were filed in Shawano county circuit court charging Donald Minniecheske with one count of assuming to act as a public officer, contrary to sec. 946.69(1), Stats.[1] The defendant

---

[1] Sec. 946.69(1), Stats., provides as follows:

"**946.69 Falsely assuming to act as public officer or employe.** Whoever does any of the following is guilty of a Class A misdemeanor:

ultimately entered a no contest plea to the charge on September 16, 1983. He was sentenced to sixty days in the county jail, concurrent to a prison sentence he was then serving.

On January 11, 1984, the defendant filed a *pro se* motion to withdraw his no contest plea, along with an affidavit in support of the motion. On February 3, 1984, Judge Earl Schmidt filed a memorandum opinion denying the motion to withdraw the plea. It appears that the defendant never received this opinion inasmuch as he filed a second *pro se* motion to withdraw the plea on May 1, 1984. The trial court issued another memorandum opinion on June 26, denying defendant's motion, and appending the earlier memorandum opinion. On July 31, 1984, the defendant filed a *pro se* notice of appeal of the second memorandum opinion, in which he noted that he never received a copy of the first opinion. The court of appeals affirmed the trial court in an unpublished one-judge opinion.

At the plea hearing, the defendant's attorney stated that the plea agreement provided for a sixty-day sentence, concurrent to a prison term the defendant was then serving. The judge asked the defendant's attorney whether the defendant was "advised with regard to the rights that he has?" The attorney replied that the defendant:

> "[U]nderstands that he has the right to a jury trial, has a right to testify or not to testify on his own behalf should he so choose . . . and it is my understanding that Don does not wish to exercise those rights at this time."

The circuit judge added:

---

"(1) Assumes to act in an official capacity or to perform an official function, knowing that he is not the public officer or public employe he assumes to be; or. . . ."

"Well, I think there are a couple other ones in there—right to proof beyond a reasonable doubt, speedy trial and bringing witnesses to testify on his own behalf and confronting other witnesses."

The defendant then told the circuit court:

"I am just pleading no contest. I am not waiving any rights. In fact, I would like to make a plea after the probation [sic parole] board meets; and if the Attorney General would make a recommendation for probation at that time, I will make a plea."

The defendant's attorney stated that the two proceedings—the parole board hearing and the plea hearing—were unrelated. However, the defendant's confusion apparently continued because the defendant again stated that he would plead after the parole hearing "if the Attorney General's office makes their recommendation for parole."

After an off-the-record conference between the defendant and his attorney, the attorney informed the court they were ready to proceed and the defendant stated: "I plead no contest."

The circuit court then began to ask the defendant questions about his age and education. The defendant objected that the questions were not relevant. The judge informed the defendant that the court had to make a determination that the plea was knowingly and voluntarily made. The defendant replied: "I want the record to show the only reason why I am pleading no contest is because the record is clear there is no way I can get a fair trial."

The defense attorney stated:

"I don't think that Don [defendant] is probably ever going to waive any rights that he has, . . . but on my recommendation at this time he is not going to exercise his right—those rights which I previously enumerated."

237

The judge then stated:

"[T]he court also understands that Mr. Linehan has represented Mr. Minniecheske in the past and does believe therefore he is his counsel, and based upon that fact, the Court is going to find that it is a knowledgeable and knowing [sic] waiver, and that it is freely and voluntarily given."

The judge then accepted the no contest plea, found the defendant guilty and sentenced him to sixty days concurrent to the sentence he was then serving.

The defendant moved to withdraw his no contest plea on the basis that the record does not indicate that he affirmatively waived any of his constitutional rights. In response to this argument, the judge's memorandum opinion stated:

"[T]he Court finds that on the total record it would be as bleak as it would be futile to administer the law if it had to accept this statement at face value. The record reflects defendant had been in court before. It further shows defendant was attended by able counsel who stated at least three times that defendant was not exercising his rights. The Court after much bantering about, including permitting pauses for defendant to confer with his attorney, stated that the defendant had been represented in the past by the same able counsel and that the defendant had contacted the Court many times, and in writing, in the past all of which was cause for the Court to believe that the defendant was fully knowledgeable of the legal effect of his counsel's statements and his plea of no contest. This is a classic case of eating your cake and wanting it, too, and the Court cannot play such games."

We first consider what effect the defendant's refusal to expressly waive his constitutional rights had on the validity of the no contest plea. The defendant argues that a knowing waiver of constitutional rights is essential to

238

a valid plea and that his contrary statement should have absolutely prevented acceptance of his subsequent plea.

The defendant's actions at the plea hearing were, in effect, contradictory. On the one hand, he expressly stated that he would not waive the relevant constitutional rights. On the other hand, his willingness to plead by itself constituted a waiver of those constitutional rights. *See State v. Riekkoff,* 112 Wis. 2d 119, 128, 332 N.W. 2d 744 (1983). The court of appeals concluded that this inconsistency resulted in a conditional plea, thereby rendering the condition a nullity. If the plea was a conditional plea, however, then the court of appeals erred by refusing to let the defendant withdraw it. After stating in *Riekkoff* that a plea by itself constitutes a waiver of rights, this court later in that same case held that "conditional guilty pleas are not to be accepted and will not be given effect, except as provided by statute." *Id.* at 130. *See* sec. 971.31(10), Stats.

■

We do not consider the plea in this case to be a true conditional plea. In the usual conditional plea situation, the defendant erroneously believes that the plea does not prohibit the exercise of a particular right, usually the right to appeal an evidentiary ruling under the exclusionary rule. *Id.* at 130. Here, the defendant did not mistakenly believe that he could still contest the charge against him, despite pleading no contest. The defendant clearly realized that his plea prohibited such a right and, therefore, he sought to withdraw the plea. By contrast, in *Riekkoff* the defendant believed he could appeal an evidentiary ruling consistently with his plea. This court ruled that such an appeal right was precluded by the plea. The court also concluded on its own initiative, however, that the circuit court should not have accepted the plea because the defendant erroneously believed that the appeal right was not waived by the plea. The instant case does not involve an attempt to exercise rights that the de-

fendant mistakenly believed were preserved by his plea. In fact, it would be unreasonable for the defendant to believe that his no contest plea preserved the right to challenge the charge against him.

Although we do not consider this case to involve a conditional plea, the defendant's inconsistent conduct at the plea hearing nonetheless makes the plea defective. The essence of a valid plea is that the defendant knowingly and voluntarily waives the constitutional rights given up by pleading no contest or guilty. *See State v. Bartelt,* 112 Wis. 2d 467, 474–75, 334 N.W. 2d 91 (1983). When a defendant expressly refuses to waive his constitutional rights but also agrees to plead no contest, this court cannot conclude from such a record that the defendant fully understands the consequences of his actions. Because the constitutional validity of a plea must be determined from the plea hearing transcript itself, the defendant's inconsistent conduct at the hearing prevents the acceptance of a valid plea. *See State v. Cecchini,* 124 Wis. 2d 200, 210, 368 N.W. 2d 830 (1985).[2] Also, the defendant's refusal to participate in a colloquy with the judge at the plea hearing makes it impossible for this court to conclude that the defendant fully understood the proceeding at which he pled no contest.

The deficiencies in the plea proceeding described above are sufficient to permit the defendant to withdraw his plea. We address, however, another alleged deficiency that was raised for the first time in the petition for re-

---

[2] In *State v. Cecchini,* 124 Wis. 2d at 213, we further elaborated about the sources available for the court's consideration when deciding whether to accept a plea: "The court may, at the time of the taking of the plea, also make reference to the transcripts from prior hearings which may help establish and reflect the defendant's understanding of the nature of the charge." *Cecchini* granted trial courts "great flexibility in creating a record at the plea hearing to demonstrate that the defendant understands the nature of the crime charged." *Id.*

view. The defendant claims that his plea is invalid because the circuit court did not inform him of the elements of the charge against him. We again recently addressed this issue in *State v. Cecchini,* which we rendered after the court of appeals decision in this case. We again consider the issue here in order to emphasize the importance of strict compliance with the procedures for accepting a plea of no contest or guilty at the plea hearing.

In *Ernst v. State,* 43 Wis. 2d 661, 674, 170 N.W. 2d 713 (1969), this court recognized that circuit courts must determine and make a record of the following factors when considering whether to accept a plea:

(1) The extent of the defendant's education and general comprehension.

(2) The accused's understanding of the nature of the crime with which he is charged and the range of punishments which it carries.

(3) Whether any promises or threats have been made to the defendant in connection with his appearance, his refusal of counsel, and his proposed plea of guilty.

(4) Alert the accused to the possibility that a lawyer may discover defenses or mitigating circumstances which would not be apparent to a layman such as the accused.

(5) Make sure that the defendant understands that if he is a pauper, counsel will be provided to him at no expense.

(6) Determine that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.[3]

---

[3] The first five factors were recommended in *State ex rel. Burnett v. Burke,* 22 Wis. 2d 486, 494, 126 N.W. 2d 91 (1964) and made mandatory in *Ernst v. State,* 43 Wis. 2d 661, 674, 170 N.W. 2d 713 (1969).

The last factor is modified in appropriate circumstances by *North Carolina v. Alford,* 400 U.S. 25 (1970), which permits the acceptance of a valid plea, even when the defendant refuses to admit his guilt. *See State v. Johnson,* 105 Wis. 2d 657, 663, 314 N.W. 2d 897 (Ct. App. 1981).

*Ernst* held that consideration of these factors is mandatory as a matter of federal constitutional law. *Id.* at 673.

In *McAllister v. State,* 54 Wis. 2d 224, 230, 194 N.W. 2d 639 (1972), this court considered whether the second *Ernst* factor actually requires circuit courts to make a record of a defendant's understanding of the charge against him. In no uncertain terms, the court held that such a record must be made:

> "The requirement that defendant understand the charge against him is most basic to a knowing plea. Unlike the requirements that the court ascertain that defendant has not been coerced and has sufficient education to enter a plea, defendant's understanding of the charge cannot be demonstrated through other testimony. Certainly such knowledge is not shown here. The record does not disclose that defendant understood the charge or that his acts violated the statute. Such knowledge cannot be drawn from his other statements to the court. The record is thus fatally defective and reversal is required."

In *State v. Cecchini,* 124 Wis. 2d at 207–13, the court again exhaustively considered the need to inform defendants of the elements of the charge. Particularly relevant is the court's discussion of this requirement at 212–13:

> "As the Seventh Circuit stated in holding that a Wisconsin trial court had failed to fulfill its duty to establish on the record that the defendant understood the elements of the crime charged, '[i]t is elementary that a guilty plea, as an admission of all elements of the crime charged, cannot be truly voluntary unless the defendant possesses an understanding of the "the law in relation to the facts." ' *Nash v. Israel,* 707 F. 2d 298, 302 (7th Cir. 1983) (*quoting McCarthy* at 466). *See also Henderson v. Morgan,* 426 U.S. 637, 645 (1976). It is evident that a defendant cannot make a truly voluntary or intelligent admission that he or she committed

the offense charged unless he or she is aware of its essential elements and their relationship to the facts of the particular case; the defendant must be given 'notice of what he is being asked to admit.' *State v. Holsworth,* 93 Wash. 2d 148, 607 P. 2d 845, 847 (*quoting Henderson v. Morgan* at 647). *See Commonwealth v. Ingram,* 455 Pa. 198, 316 A. 2d 77, 80 (1974).

"One commentator has noted:

" '[t]he basic rationale for requiring protection of a defendant pleading guilty is that our democratic tradition is grounded in the capacity of a well informed citizenry to make intelligent decisions about its future. It is patently unjust to allow a citizen, whether guilty or not, to make a decision which automatically imprisons him when a more informed person in the same circumstances may go free. If the defendant lacks a basic understanding of his position within the legal system, it is essential that it be explained to him. . . .' Notes, *The American Bar Association's Standards On Criminal Justice and Wis. Stat. Section 971.08,* 1971 Wis. L. Rev. 583, 588 (1971)."

Finally, in *State v. Bartelt,* 112 Wis. 2d at 483–84, we summarized the previous decisions by this court regarding plea withdrawals to mean that "if a plea is not understandingly made, it must be permitted to be withdrawn." Footnote 3 of *Bartelt,* 112 Wis. 2d at 483–84, described in more detail what "understandingly made" means:

"This court on numerous occasions has made it clear that the essence of a guilty plea is that the trial court in the person of the judge must conduct an interrogation of the defendant and make a record of the interrogation. The questions asked by the judge must affirmatively show on the record that the plea was voluntary, *that the defendant understands the charge* and its consequences, and that he knowingly waives constitutional rights which must be enumerated." (Emphasis added.)

243

This court, therefore, has consistently required since *Ernst* that circuit courts make a record showing that a defendant understands the charge against him.

The requirement that the circuit court inform a defendant of the nature of the charge derives from a holding by the United States Supreme Court. *McCarthy v. United States,* 394 U.S. 459, 466 (1969), dealt directly with Federal Rule 11. The Court went beyond the requirements of the rule, however, when it construed the "voluntary and knowing" requirement for a valid plea to require an understanding of the charge. The Court stated:

> "A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to a trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, *because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."* (Emphasis added.) (Footnotes omitted.)

Thus, the circuit court's duty to inform the defendant about the elements of the crime is constitutionally required.

■

In spite of the consistent rulings by this court and the Supreme Court, the circuit court did not describe or define the charge in this case for the defendant. As a result, the plea hearing was constitutionally deficient. The defendant, therefore, must be allowed to withdraw his plea.

The court is concerned that the plea hearing in this case so utterly fails to follow the procedures recommended by this court. Footnote 3 of *Bartelt,* 112 Wis. 2d at 484, specifically stated that "[t]he procedures for taking a guilty plea in a manner that is constitutionally unassailable are set forth in detail in the special materials which are made a part of the Wisconsin Criminal Jury Instructions. They appear as SM–32."[4] This statement constituted a recognition by the court of the quality of the special material which is the product of the Criminal Jury Instructions Committee, composed of eleven experienced trial judges, with assistance from a law school professor, an educator, a member of the attorney general's office, and a practicing attorney. We have not confronted a challenge to a plea acceptance that could not have been avoided by strictly complying with the recommended procedure. *See Bartelt,* 112 Wis. 2d at 484, n. 3. For example, at the time of the instant case, SM–32, in relevant part, advised the judge in taking a guilty plea to make sure on

---

[4] Wis. J.I.—Criminal, SM–32 (1980) provided:

"SM–32 "ACCEPTANCE OF A PLEA OF GUILTY: PROCEDURE TO BE USED BOTH WHEN DEFENDANT IS REPRESENTED BY COUNSEL AND WHEN HE APPEARS WITHOUT COUNSEL

"(The court must make a complete record of these proceedings to show affirmatively that the defendant understand that by pleading guilty he is waiving important constitutional rights which are more fully set forth below (including the right to be represented by counsel). Not only must a complete record of the proceedings be made, but the trial judge himself must conduct an interrogation of the defendant, and make a record of such interrogation, whether or not the defendant is represented by counsel, and the questions asked by the judge of the defendant must affirmatively show on the record that the plea was voluntary, that the defendant understands the charge and its consequences and that by pleading guilty he thereby waives the enumerated constitutional rights. A failure properly to advise the defendant of his rights is grounds for withdrawal of the plea.) . . . ." (Footnotes omitted.)

SM–32 was updated effective June 20, 1985, and states in more detail the same requirement that a judge taking a guilty plea make sure that the defendant understands the nature of the charge.

the record "that the defendant understands the charge and its consequences . . . ." Thus, we cannot over-emphasize the importance of meticulous attention to the details of taking a valid plea.[5] "[A] judge cannot person-ally assure himself that a defendant understands the na-ture of the offense with which he is charged without en-suring first-hand that both he and the defendant know what those charges consist of." *United States v. Punch,* 709 F. 2d 889, 894 (5th Cir. 1983).

In summary, we conclude for two reasons that the plea of no contest should not have been accepted by the circuit court and the motion by the defendant to with-draw his no contest plea should have been granted. First, the defendant's inconsistent and unresponsive conduct at the plea hearing precludes a finding that he voluntarily and knowingly waived his constitutional rights. Second, the circuit court's failure to explain the charge against the defendant also prevents a finding that he knowingly pleaded to the charge.

We are sensitive to the circuit court's frustration in attempting to accept a plea from this uncooperative de-fendant. The circuit court obviously believed that the de-fendant was trying to manipulate the plea procedures with full comprehension of his rights. We cannot agree with the court, however, because the record does not show the basis for the court's assumptions. When the defendant refused to expressly waive his constitutional rights, and when he refused to answer other questions asked by the court, the judge should have set a trial date and refused any further discussion of a no contest plea. A defendant should be informed that if he chooses not to answer ques-tions which the law requires to be asked, his plea will not

---

[5] Here, the circuit court, due to the defendant's attitude, character-ized the plea procedure as simply "hoop-jumping." We believe that con-stitutionally mandated procedures deserve far greater attention than such a casual description suggests.

be accepted and the case will be set for trial. Defendants should not be allowed to control the procedures for the taking of a plea since that authority rests in the trial judge.

The defendant's plea of no contest is allowed to be withdrawn and the case is remanded to the circuit court for trial.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

LOUIS J. CECI, J. *(concurring)*. I must agree with the opinion insofar as it requires this matter to be remanded to the trial court for the purpose of permitting the defendant to withdraw his plea of no contest.

My reading of the transcript of these proceedings leads me to believe that this manipulative defendant knew exactly what he was doing during the plea bargain hearing. This defendant knew and understood the nature of the charges against him. I heartily endorse this court's recommendation that in the event of any vacillation on the part of a defendant, the trial court should break off the plea proceedings and set the matter down for immediate trial.