STATE of Wisconsin, Plaintiff-Respondent,

v.

Kathryn A. KRAUSE, Defendant-Appellant.

Court of Appeals

*No. 90–0756–CR. Submitted on briefs October 9, 1990.—Decided March 28, 1991.*

(Also reported in 469 N.W.2d 241.)

For the defendant-appellant the cause was submitted on the briefs of *Robert P. Rusch* of *Rusch & Rusch Law Office, S.C.* of Medford.

For the plaintiff-respondent the cause was submitted on the briefs of *Darwin L. Zwieg,* district attorney of Neillsville.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J.   Defendant Kathryn Krause appeals from a trial court order denying her motion to withdraw a plea of no contest to a misdemeanor.[1] Because we conclude the trial court did not adequately determine whether Krause's plea was knowingly and intelligently entered, we reverse.

## I.  BACKGROUND

In January 1989, the state filed a complaint, charging Krause with three counts of issuing worthless checks, contrary to sec. 943.24(1), Stats.,[2] and habitual criminality, contrary to sec. 939.62, Stats. Krause signed a written authorization, empowering her attorney to appear on her behalf.

In April 1989, Krause's attorney appeared on her behalf and entered a plea of not guilty to all three counts.

---

[1] Originally assigned to a single judge, this case was converted to a three-judge panel by order of the chief judge. Sec. 809.41, Stats.

[2] Section 943.24(1), Stats, provides: "Whoever issues any check or other order for the payment of money less than $500 which, at the time of issuance, he or she intends shall not be paid is guilty of a Class A misdemeanor."

Prior to the plea hearing, the state sent Krause's attorney a proposed plea bargain, stating "[i]f Ms. Krause would enter a plea of guilty or no contest to the first and third counts as they stand, including the penalty, we would move to dismiss the second count and have it read in for restitution and sentencing . . .."

Krause responded with a letter, addressed to the public defender and Clark County Judge Michael W. Brennan, which stated in part:

> I am writing this to let you know that I will change my plea!
>
> . . ..
> All I'm asking is that the courts give me the chance to make restitution on this charge . . ..
>
> . . ..
> I realize I made a mistake! In the past I didn't have anybody else that I had to think about! [Now] I have a baby that I have to think about everyday!

The letter concluded: "I change my plea from not guilty to no contest."

At a plea hearing at which Krause was not present,[3] Krause's attorney recited the terms of the plea agreement and stated that Krause wished to plead no contest to the two remaining counts. The trial court accepted the plea, stating "[b]ased on the written authorization, [defendant] is found guilty of counts one and three. Count two is dismissed and read in." Krause was sentenced to two years imprisonment.

The appeal is from the trial court's denial of Krause's motion for postconviction relief under sec. 974.06, Stats. Krause moved to withdraw her plea of no

[3]The transcript of the plea hearing erroneously indicates that defendant appeared in person. At a post-conviction hearing, the state stipulated that defendant was not present.

contest on the grounds that: (1) she was denied her sixth amendment right to effective assistance of counsel; and (2) she was denied her statutory and due process right to enter a plea knowingly and intelligently. At a post-conviction hearing, her trial counsel testified:

> I believe I read her the criminal complaint; and described that they had to show that she had issued a check; that at the time she had issued the check that she either didn't have the funds, or her accounts were closed; and at that time that she had issued the check, that she intended that it not be paid; and that she had received some type . . . [of] notice that the check was dishonored and not made good within the five day period, that they could use that as prima facie evidence against her. I believe she said that she understood that, and that's what she had indicated to me that, yeah, she knew what was going on because she had been, as I recall, words to the effect that . . . she had been charged with this before.

Krause testified, however, that she had not been previously charged with issuing worthless checks and that she was unaware of the elements of that crime. She testified that she didn't keep a "running balance" in her account and was not aware, when the checks were dishonored, that she was overdrawn. She stated that the overdraft notices were sent to her mother, who did not forward them to her or notify her of their existence.

The trial court denied Krause's motion. Krause appeals only the trial court's determination that the plea was entered knowingly and intelligently.

## II.   STANDARD OF REVIEW

A post-conviction motion to withdraw a plea is a matter of trial court discretion. *State v. Duychak,* 133

Wis. 2d 307, 312, 395 N.W.2d 795, 798 (Ct. App. 1986). The trial court's conclusion that the no contest plea was taken consistent with statutory and constitutional standards, however, is a matter of law which we review *de novo. Id.* at 313, 395 N.W.2d at 798.

### III. SECS. 971.04(2) & 971.08(1)(a), STATS.

Krause asserts that her presence at the plea hearing was required by sec. 971.08(1), Stats. Section 971.08(1) requires that the trial judge determine from the defendant whether he or she understands the nature of the charge. *State v. Bangert,* 131 Wis. 2d 246, 260, 389 N.W.2d 12, 20 (1986). Section 971.08(1) provides in part:

> Before the court accepts a plea of guilty or no contest, it shall do all of the following:
> (a)   Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted.
> (b)   Make such inquiry as satisfies it that the defendant in fact committed the crime charged.

The state contends, however, that sec. 971.04(2), Stats., allows Krause's counsel to enter a guilty or no contest plea on behalf of the defendant, provided the plea is authorized. Section 971.04(2) provides that if the defendant is charged with a misdemeanor, he or she "may authorize his [or her] attorney in writing to act on his [or her] behalf in any manner, with leave of the court, and be excused from attendance at *any or all proceedings.*" (Emphasis added.)

■

The rule in all statutory interpretation is to discern the intent of the legislature. *Employers Ins. of Wausau v. Smith,* 154 Wis. 2d 199, 226, 453 N.W.2d 856, 867

(1990). If a statute is plain and unambiguous, a court must apply its plain meaning, without resort to rules of construction. *Boles v. Milwaukee County,* 150 Wis. 2d 801, 813, 443 N.W.2d 679, 683 (Ct. App. 1989). A statute is ambiguous if reasonable persons could disagree as to its meaning. *Sonnenburg v. Grohskopf,* 144 Wis. 2d 62, 65, 422 N.W.2d 925, 926 (Ct. App. 1988).

We conclude secs. 971.08(1)(a) and 971.04(2), Stats., are ambiguous as to whether the personal appearance requirement of sec. 971.08(1)(a) applies to misdemeanants. We thus turn to extrinsic aids to help discern legislative intent. *Schinner v. Schinner,* 143 Wis. 2d 81, 89, 420 N.W.2d 381, 384 (Ct. App. 1988).

[7]

Sections 971.08 and 971.04, Stats., were created in the redrafting of the criminal procedure statute. Prefatory Note, ch. 255, Laws of 1969. The minutes of the Criminal Rules Committee of the Judicial Council, which drafted sec. 971.04(2), state in part:

April 20, 1968:

> Judge Orton asked why the defendant shouldn't be allowed to enter a written guilty plea through his attorney for a misdemeanor. Mr. Flaherty and Mr. Platz expressed agreement that he be allowed to do so.
>
> Mr. Croak proposed the following amendment: "Defendants charged with misdemeanors may, at their own written request and by leave of the court, be excused from attendance at any or all of the proceedings."

May 17, 1968:

> In [971.04](2), Judge Orton asked if this includes the attorney entering the plea. He wants something

in here that clearly says that the lawyer may plead guilty. Mr. Croak feels that section, as worded, does include the plea. However, he is willing to add that this includes the entry of a plea. Mr. Leichtfuss feels that the defendant should be excused *after* entry of a plea. Mr. Weiner feels he cannot go along with the attorney entering a guilty plea. (Emphasis in original.)

The following language for (2) was finally adopted: "A defendant charged with a misdemeanor may authorize his attorney in writing to act on his behalf in any manner, with leave of the court, and be excused from attendance at any or all proceedings."

The May 17 version of sec. 971.04(2), Stats., is identical to the one adopted by the legislature. We conclude "to act on his [or her] behalf in any manner" includes entry of a plea.

## IV. VOLUNTARY AND INTELLIGENT WAIVER

While a misdemeanant need not be present at a plea hearing, we conclude that the remaining requirements of 971.08, Stats., are equally applicable in the case of misdemeanors as in felonies. The court in *Bangert* stated that, although not constitutionally mandated, the procedures outlined in sec. 971.08 aid the trial court in making the constitutionally mandated determination that a defendant's plea is voluntary and intelligent. *Id.* at 261, 389 N.W.2d at 20 (citing *McCarthy v. United States,* 394 U.S. 459, 465 (1969)).

■
To satisfy due process requirements, the United States Supreme Court has held that the trial record must affirmatively establish that defendant's guilty plea was entered voluntarily and understandingly. *Boykin v. Alabama,* 395 U.S. 238, 242 (1969). A plea may be involun-

tary either because the defendant "does not understand the nature of the constitutional protections that he is waiving . . . or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan,* 426 U.S. 637, 645 n.13 (1976) (citation omitted). In *Boykin,* the Court noted that several constitutional rights were implicated by a plea of guilty: the privilege against compulsory self-incrimination; the right to trial by jury; and the right to confront one's accusers. *Id.* at 243. The court emphasized "[w]e cannot presume a waiver of these three important federal rights from a silent record." *Id.* These same rights are implicated by a no contest plea. *See Bangert,* 131 Wis. 2d at 258, 389 N.W.2d at 19.

In *Bangert,* the court enumerated the general duties of the trial court prior to accepting a plea of guilty or no contest:

(1) To determine the extent of the defendant's education and general comprehension;

(2) To establish the accused's understanding of the nature of the crime with which he is charged and the range of punishments which it carries;

(3) To ascertain whether any promises or threats have been made to him in connection with his appearance, his refusal of counsel, and his proposed plea of guilty;

(4) To alert the accused to the possibility that a lawyer may discover defenses or mitigating circumstances which would not be apparent to a layman such as the accused;

(5) To make sure that the defendant understands that if a pauper, counsel will be provided at no expense to him; and

(6) To personally ascertain whether a factual basis exists to support the plea.

*Id.* at 261–62, 389 N.W.2d at 21 (citations omitted). The supreme court has previously applied these requirements to a misdemeanant in *State v. Minniecheske,* 127 Wis. 2d 234, 241, 378 N.W.2d 283, 287 (1985).[4] The applicability of *Boykin* and *Henderson* to misdemeanants has also been recognized by other states.[5]

To satisfy the requirements of sec. 971.08, Stats, the *Bangert* court required trial courts to follow one of three methods to determine the defendant's understanding of the nature of the charge against the defendant:

> First, the trial court may summarize the elements of the crime charged by reading from the appropriate jury instructions, *see,* Wis. J I—Criminal SM–32, Part IV (1985), or from the applicable statute. Second, the trial judge may ask defendant's counsel whether he explained the nature of the charge to the defendant and request him to summa-

---

[4]The court in *Minniecheske* applied the requirements recognized in *Ernst v. State,* 43 Wis. 2d 661, 674, 170 N.W.2d 713, 719 (1969). Although the holding in *Ernst* that these requirements are constitutionally mandated was partially overruled in *Bangert,* the court in *Bangert* went on to reiterate the *Ernst* requirements, but under the statutory authority of sec. 971.08, Stats. *Bangert,* 131 Wis. 2d at 260-62, 389 N.W.2d at 20-21.

[5]*See State v. Davenport,* 520 So. 2d 463, 464-65 (La. Ct. App. 1988); *People v. Lesh,* 668 P.2d 1362, 1367-68 (Colo. 1983); *State v. Nordstrom,* 331 N.W.2d 901, 904 (Minn. 1983); *State v. Tweedy,* 309 N.W.2d 94, 97-98 (Neb. 1981); *Crew v. Nelson,* 216 N.W.2d 565, 566-67 (S.D. 1974); *Mills v. Municipal Court,* 515 P.2d 273, 279-86 (Cal. 1973); *City of Cleveland v. Whipkey,* 278 N.E.2d 374, 377-78 (Ohio Ct. App. 1972); *see also* Barkai, *Accuracy Inquires for All Felony and Misdemeanor Pleas: Voluntary Pleas But Innocent Defendants?,* 126 U. Pa. L. Rev. 88 (1977); Comment, *Standards for Accepting Guilty Pleas to Misdemeanor Charges,* 8 U. Mich. J. L. Ref. 568 (1975).

rize the extent of the explanation, including a reiteration of the elements, at the plea hearing. Third, the trial judge may expressly refer to the record or other evidence of defendant's knowledge of the nature of the charge established prior to the plea hearing.

*Id.* at 268, 389 N.W.2d at 23 (citation omitted). Although a defendant need not be present at a plea hearing, these requirements are equally applicable to individuals charged with misdemeanors. *See Minniecheske,* 127 Wis. 2d at 244–46, 378 N.W.2d at 289.[6]

"Whenever the sec. 971.08[, Stats.,] procedure is not undertaken or whenever the court-mandated duties are not fulfilled at the plea hearing, the defendant may move to withdraw his plea." *Bangert,* 131 Wis. 2d at 274, 389 N.W.2d at 26. The burden rests initially with the defendant to make a *prima facie* showing that his or her plea was not accepted in conformance with sec. 971.08 or the other mandatory procedures. *Id.* The burden then shifts to the state to show by clear and convincing evidence that, despite an inadequate plea transcript, the "defendant's plea was knowingly, voluntarily, and intelligently entered . . .." *Id.; see also Roddy v. Black,* 516 F.2d 1380, 1385 (6th Cir. 1975). In meeting this burden, the

[6]We see no reason to distinguish between felonies and misdemeanors in applying the general principles for evaluating the validity of guilty or no contest pleas. "A misdemeanor defendant no less than a felony defendant relinquishes various constitutional rights by entering a plea of guilty. There is no question . . . that in misdemeanor proceedings a defendant retains fully both his right to confront his accusers and his privilege against self-incrimination." *Mills,* 515 P.2d at 280 (citing *Argersinger v. Hamlin,* 407 U.S. 25, 28 (1972); *District of Columbia v. Clawans,* 300 U.S. 617, 630–32 (1937)); *see also Scott v. Illinois,* 440 U.S. 367, 373–74 (1979); *Carnley v. Cochran,* 369 U.S. 506, 516 (1962).

state is not limited to the plea transcript, but may introduce evidence "extrinsic to the transcript of the plea's acceptance." *Id.* at 1384.

Because the plea transcript in this case indicates that the trial court did not follow sec. 971.08, Stats., and the other *Bangert* procedures, the state shouldered the burden of showing, in a postconviction proceeding, that Krause's plea was knowingly, voluntarily, and intelligently entered. *See Bangert,* 131 Wis. 2d at 274, 389 N.W.2d at 26. Here, the state did not make any showing that Krause had been informed that her plea constituted a waiver of several constitutional rights. *Boykin,* 395 U.S. at 243. We therefore reverse and remand with instructions that the trial court grant defendant's motion to withdraw her no contest plea.

*By the Court.*—Order reversed and cause remanded with instructions.