STATE of Wisconsin, Plaintiff-Cross Respondent,

v.

Marvin C. THIEL, Defendant-Cross Appellant.

Court of Appeals

*No. 92-0794-CR. Submitted on motion June 2, 1992.—Decided September 9, 1992.*

(Also reported in 491 N.W.2d 94.)

For the plaintiff-appellant-cross respondent the cause was submitted on the motion of *James E. Doyle,*

attorney general, and *Daniel J. O'Brien,* assistant attorney general.

For the defendant-respondent-cross appellant there was a response filed by *Richard Hahn* of *Holden & Hahn* of Sheboygan.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

PER CURIAM. On March 26, 1992, the state filed a notice of appeal pursuant to sec. 974.05(1)(d), Stats., appealing from an order entered in the trial court on the same date suppressing a statement made by the defendant, Marvin Thiel, to police investigators. The trial court suppressed the statement on the ground that Thiel's *Miranda* rights[1] were violated. On April 9, 1992, Thiel filed a notice of cross-appeal from portions of the March 26, 1992 order which were adverse to him, challenging the trial court's determination that the statement given by Thiel was voluntary and the portion of the order denying his motion to suppress evidence seized pursuant to a search warrant. He also cross-appealed from a prior nonfinal order denying his motion to dismiss the action.

On April 30, 1992, the state filed a notice of voluntary dismissal of its appeal pursuant to Rule 809.18, Stats. On the same date, it filed a motion to dismiss Thiel's cross-appeal, arguing that its voluntary dismissal of the appeal necessitated dismissal of the cross-appeal as well.

An order was issued by this court on May 1, 1992 dismissing the state's appeal pursuant to its notice of voluntary dismissal. On May 21, 1992, this court issued an order denying the motion to dismiss the cross-appeal, holding that dismissal of the appeal did not affect the

---

[1]*Miranda v. Arizona,* 384 U.S. 436 (1966).

status of the cross-appeal or Thiel's right to pursue his cross-appeal.

In response to this court's denial of its motion to dismiss the cross-appeal, the state has now moved to reinstate its appeal. It contends that since Thiel will be allowed to pursue his cross-appeal and potentially will prevail on some of the issues raised by him, the issue of whether the trial court properly suppressed Thiel's statement is of more significance than it otherwise would have been.

Thiel has opposed the state's motion, contending that no legal basis exists for the relief requested. He also argues that the state's mistaken belief that it would prevail on its motion to dismiss the cross-appeal is not grounds for relief and that reinstatement of the appeal to address the state's evidentiary argument is unnecessary since, if he prevails on his challenges to the complaint and bindover, the proceedings against him will be dismissed.

■■■■

While we are loathe to condone the state's actions in this case, we grant its motion for relief, vacating our order dismissing the appeal and permitting the state to withdraw its notice of voluntary dismissal. We do so pursuant to Rule 809.24, Stats., which permits this court to reconsider a decision at any time prior to remittitur when no petition for review is filed or within thirty days of the filing of a petition for review. There has been no remittitur or petition for review in this case. Consequently, while we are not required to vacate our dismissal order merely because Thiel's cross-appeal remains pending, we are permitted to do so. The matter is addressed to our sound discretion. In the exercise of our discretion and because the appeal and portions of the cross-appeal both involve the same suppression motion,

we conclude that the circumstances of this case warrant reconsidering and vacating the order dismissing the appeal.

In setting aside the order, we note that nothing in Thiel's response provides a basis for concluding that he has been prejudiced as a result of the dismissal. Consequently, vacating the order and reinstating the appeal will simply return everything to the status it was a short time ago. Most importantly, it will permit all pending issues to be addressed together in this court, including the related issues of whether Thiel's statement was voluntary or in violation of his *Miranda* rights. Assuming Thiel does not obtain dismissal of the complaint as a result of his cross-appeal, reinstatement of the appeal will thus also eliminate the risk that the *Miranda* issue will be re-raised by the state pursuant to sec. 974.05(2), Stats., following a posttrial appeal by Thiel, potentially necessitating a second trial.

This court's order of May 1, 1992 dismissing the state's appeal is therefore vacated. *See* Rule 809.24, Stats. The state is permitted to withdraw its notice of voluntary dismissal of the appeal and the appeal is reinstated.

*By the Court.*—Motion granted.