[T.C. #F-931864] STATE of Wisconsin, Plaintiff-Appellant-Cross Respondent-Petitioner,

v.

Wandell LEE, Defendant-Respondent-Cross Appellant.

STATE of Wisconsin, Plaintiff-Appellant-Cross Respondent-Petitioner,

v.

Thomas CASEY, Defendant-Respondent-Cross Appellant.

Supreme Court

*No. 93–2546–CR. Oral argument November 30, 1995.—Decided January 17, 1996.*

(Also reported in 542 N.W.2d 143.)

For the plaintiff-appellant-cross respondent- petitioner the cause was argued by *James M. Freimuth*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For the defendant-respondent-cross appellants there was a brief by *Robert R. Henak* and *Shellow, Shellow & Glynn, S.C.,* Milwaukee and oral argument by *Robert R. Henak.*

SHIRLEY S. ABRAHAMSON, J.   This is a review of a published decision of the court of appeals, *State v. Lee,* 192 Wis. 2d 260, 531 N.W.2d 351 (Ct. App. 1995), affirming the orders of the circuit court for Milwaukee County, John A. Franke, Judge. With leave of the court of appeals, the State had appealed a nonfinal circuit court order directing the Wisconsin State Crime Laboratories to conduct additional analysis requested by the defendants. With leave of the court of appeals, the

defendants Wandell Lee and Thomas Casey had cross-appealed from nonfinal circuit court orders denying their motions to dismiss the prosecutions.

Before the court of appeals issued a decision, the State filed a notice of voluntary dismissal of its appeal pursuant to Wis. Stat. § (Rule) 809.18 (1993-94).[1] The court of appeals nevertheless decided the merits of both the State's appeal and the defendants' cross-appeal, affirming the orders of the circuit court.

The limited issue before this court is whether the court of appeals may refuse to dismiss an appeal when an appellant notifies the court of appeals of its voluntary dismissal pursuant to Wis. Stat. § (Rule) 809.18 prior to the court of appeals' issuance of a decision on the merits of the appeal.[2] We conclude that under Rule 809.18, the court of appeals must dismiss an appeal when an appellant files a notice of voluntary dismissal before the court of appeals issues its decision on the appeal. We therefore vacate that part of the decision of the court of appeals relating to the State's appeal.

The procedural history relating to the State's attempt to dismiss its appeal in the instant case is somewhat tangled but not in dispute.

On December 12, 1994, after the parties had filed their briefs with the court of appeals but before the cases had been submitted for decision, the State filed with the court of appeals a document entitled "Notice of

---

[1] All future statutory references are to the 1993-94 volume of the Wisconsin Statutes.

[2] Wis. Stat. § (Rule) 809.18 provides as follows:

**809.18  Rule (Voluntary dismissal).** An appellant may dismiss an appeal by filing a notice of dismissal. The notice must be filed in the court or, if not yet docketed in the court, in the trial court. The dismissal of an appeal does not affect the status of a cross-appeal or the right of a respondent to file a cross-appeal.

Voluntary Dismissal of Appeal by State of Wisconsin." Although the title of the document contains the word "notice" and the body of the document refers to Wis. Stat. § (Rule) 809.18, the initial and concluding paragraphs of the document are phrased not in terms of the State's notice of voluntary dismissal but in terms of the State's motion for voluntary dismissal. The defendants opposed the dismissal.

On December 22, 1994, Judge Ted E. Wedemeyer dismissed the State's appeal pursuant to Wis. Stat. § (Rule) 809.18. Despite the dismissal, the court of appeals submitted the case for decision on January 3, 1995. On February 28, 1995, more than 60 days after Judge Wedemeyer had dismissed the State's appeal, a three-judge panel of the court of appeals composed of Judges Wedemeyer, Ralph Adam Fine and Charles B. Schudson issued a decision authored by Judge Wedemeyer resolving the merits of both the State's appeal and the defendants' cross-appeal.

Subsequently, by order of March 6, 1995, the court of appeals asked the parties to submit simultaneous legal memoranda addressing whether the court of appeals had properly reached the merits of the State's voluntarily dismissed appeal on the issue of crime lab retesting.

By order dated March 30, 1995, the court of appeals stated that it had "inadvertently" affirmed the State's notice of voluntary dismissal and that, "[a]s a result," it was invoking "its inherent power to correct this error" by vacating Judge Wedemeyer's December 22 order dismissing the State's appeal.

On April 3, 1995, the court of appeals revised its decision, adding a footnote stating that "[b]ecause the issue on appeal is one of statewide concern, we invok[e] our inherent power to vacate the December 22 order

and exercis[e] our discretionary authority to deny the State's motion for voluntary dismissal." *Lee*, 192 Wis. 2d at 264 n.1. The State petitioned this court for review; this court accepted review on the issue of whether the court of appeals is authorized to retain jurisdiction of an appeal after an appellant has voluntarily dismissed the appeal.

The starting point for our analysis is Wis. Stat. § (Rule) 809.18, which empowers an appellant to dismiss an appeal by filing a notice of dismissal. The rule provides as follows:

> **809.18   Rule (Voluntary dismissal).** An appellant may dismiss an appeal by filing a notice of dismissal. The notice must be filed in the court or, if not yet docketed in the court, in the trial court. The dismissal of an appeal does not affect the status of a cross-appeal or the right of a respondent to file a cross-appeal.

The language of the rule clearly places the decision of voluntary dismissal with the appellant; it makes no reference to the court of appeals' authority to reject or deny a notice of voluntary dismissal.

This meaning of Wis. Stat. § (Rule) 809.18 is reinforced by the accompanying 1978 Judicial Council Committee note. The court has frequently referred to drafters' notes for assistance in interpreting the rules.[3]

---

[3] *State v. Williquette*, 190 Wis. 2d 677, 692-93, 526 N.W.2d 144 (1995) (stating that although a Judicial Council Committee note "is not controlling authority, it is certainly persuasive" in determining the meaning of a rule or statute); *State v. Guck*, 176 Wis. 2d 845, 856, 500 N.W.2d 910 (1993) (relying on a Judicial Council Committee note as part of the legislative history to be used in determining the meaning of a statute); *State v. Hanson*,

The committee note explains that an appellant may dismiss an appeal "*without approval of the court* or the respondent" because the dismissal does not affect the respondent who has filed or intends to file a cross-appeal (emphasis added).[4]

The committee note further explains that Wis. Stat. § (Rule) 809.18 modifies Rule 42 of the Federal Rules of Appellate Procedure.[5] We can therefore glean

149 Wis. 2d 474, 480-83, 439 N.W.2d 133 (1989) (relying on a Judicial Council Committee note in interpreting the Wisconsin Rules of Evidence); *State v. Krause*, 161 Wis. 2d 919, 926-27, 469 N.W.2d 241 (Ct. App. 1991) (relying on a Judicial Council Committee note as one of the "extrinsic aids to help discern legislative intent"); *see also Milwaukee County v. DILHR*, 80 Wis. 2d 445, 452, 259 N.W.2d 118 (1977) (legislative history of a statute includes reports of committees reporting to the legislature, which "can be valuable interpretive aids"); *In re Estate of Haese*, 80 Wis. 2d 285, 297, 259 N.W.2d 54 (1977) (reports of nonlegislative committees are valid aids in interpreting statutes originating in those committees).

[4] The note to Wis. Stat. § (Rule) 809.18 states:

> An appeal may be dismissed by the appellant at any time prior to a court decision on the appeal without approval of the court or the respondent. This changes the former procedure and modifies Rule 42, FRAP [Federal Rules of Appellate Procedure]. The Rule specifically protects a respondent who has or intends to file a cross-appeal, and for this reason the appellant is authorized to dismiss the appeal at will. The filing of a notice of dismissal does not affect the liability of the appellant for costs or fees, or the power of the court to impose penalties under Rule 809.83(1).

In his dismissal of the State's appeal, Judge Wedemeyer cited this commentary as support for the proposition that "[a]ppellants are permitted to dismiss their appeals any time prior to a court decision on the appeal without the approval of the court or the respondent."

[5] As the committee note states, Wis. Stat. § (Rule) 809.18 also changed former Wisconsin procedure regarding the volun-

insight about Rule 809.18 by examining Fed. R. App. P. 42.

In contrast to our Wis. Stat. § (Rule) 809.18, Fed. R. App. P. 42 provides that when an appellant moves for voluntary dismissal, an appeal may be dismissed "upon such terms as may be agreed upon by the parties or fixed by the court."[6] Federal case law has consistently interpreted this language as granting the federal court of appeals broad discretion in ruling on an appellant's motion for dismissal.[7] In addition to the federal

---

tary dismissal of appeals. In 1879 the court declared that "hereafter appellants will not be allowed to dismiss their appeals, except by consent or upon notice to the respondents." *Loucheine v. Strouse*, 46 Wis. 487, 488, 50 N.W. 595 (1879).

[6] Fed. R. App. P. 42(b) (Voluntary Dismissal in the Court of Appeals) provides as follows:

> If the parties to an appeal or other proceeding shall sign and file with the clerk of the court of appeals an agreement that the proceeding be dismissed, specifying the terms as to payment of costs, and shall pay whatever fees are due, the clerk shall enter the case dismissed, but no mandate or other process shall issue without an order of the court. An appeal may be dismissed on motion of the appellant upon such terms as may be agreed upon by the parties or fixed by the court.

[7] *Ormsby Motors, Inc. v. General Motors Corp.*, 32 F.3d 240, 241 (7th Cir. 1994) (noting that Fed. R. App. P. 42(b) authorizes the court of appeals to dismiss an appeal upon request of the appellant, "subject to appropriate conditions fixed by the court"); *American Auto Mfrs. Ass'n v. Commissioner Mass. Dep't of Envtl. Protection*, 31 F.3d 18, 22 (1st Cir. 1994) (court "has broad discretion to grant voluntary motions to dismiss" under Fed. R. App. P. 42(b)); *HCA Health Services of Va. v. Metropolitan Life Ins. Co.*, 957 F.2d 120, 123 (4th Cir. 1992) (while motion to dismiss appeal is generally granted, "courts of appeal have the discretionary authority not to dismiss the case in appropriate circumstances"); *United States v. Washington Dep't of Fisheries*, 573 F.2d 1117, 1118 (9th Cir. 1978) (motion to dismiss

courts of appeals' discretionary authority to dismiss on the motion of an appellant, Federal Rule 42(b) provides for mandatory dismissal when all the parties to an appeal agree to the dismissal. Upon agreement of all the parties, "the clerk of the court of appeals shall enter the case dismissed." Fed. R. App. P. 42(b)

A comparison of Wis. Stat. § (Rule) 809.18 and Fed. R. App. P. 42(b) clearly demonstrates that in the Wisconsin court of appeals, unlike in the federal court of appeals, the consent of neither the court nor the parties is required when an appellant voluntarily chooses to dismiss an appeal before the court of appeals issues a decision.

In an effort to counter the State's reliance on the language and legislative history of Wis. Stat. § (Rule) 809.18, the defendants raise several arguments in support of the court of appeals' refusal to dismiss the State's appeal. First, the defendants assert that the State did not properly give notice of a voluntary dismissal pursuant to Rule 809.18 but instead filed a motion seeking the court of appeals' approval of the dismissal. Because the State requested dismissal through a motion rather than the notice prescribed by Rule 809.18, the defendants claim that the State has conferred upon the court of appeals the authority to refuse its request for dismissal, thus waiving any right to unilateral dismissal that it might have had under Rule 809.18.

appeal under Fed. R. App. P. 42(b) has been granted unless "the appellee has shown financial or other injury caused by prosecution of the appeal"); *Township of Benton v. County of Berrien*, 570 F.2d 114, 119 n.9 (6th Cir. 1977) ("use of the word 'may' in the last sentence [of Fed. R. App. P. 42(b)] indicates that the Court of Appeals has discretion in deciding whether or not to dismiss an appeal").

The State concedes, as it must, that its use of motion language in its notice of voluntary dismissal document was unartful. But the State argues, and we agree, that its document clearly relies on Wis. Stat. § (Rule) 809.18. We conclude, as did Judge Wedemeyer's dismissal order, that the State's notice of voluntary dismissal was intended to obtain an automatic dismissal pursuant to Rule 809.18. The mere fact that the document was labelled a motion does not mean that the State could thereby vest a power in the court of appeals which the court of appeals does not have. Nor could the court of appeals thereby profess power over a voluntary dismissal in direct contravention of the language of Rule 809.18 itself. Neither the State nor the court of appeals has the power to change Rule 809.18.

The defendants' second argument is that Wisconsin circuit courts have the power to grant or refuse a motion to dismiss "in the public interest" and that the court of appeals should be accorded a similar power. The defendants thus analogize the court of appeals' power of dismissal to that of the circuit court.

A circuit court can refuse to terminate a criminal prosecution or a civil action. *See, e.g., State v. Kenyon*, 85 Wis. 2d 36, 45, 270 N.W.2d 160 (1978) (criminal prosecution); *Russell v. Johnson*, 14 Wis. 2d 406, 413, 111 N.W.2d 193 (1961) (civil action). These cases, however, do not pertain to Wis. Stat. § (Rule) 809.18, and they are not applicable to the court of appeals. An appellant who voluntarily dismisses an appeal is returned to the position occupied prior to appeal and is bound by the order or judgment appealed from. Were plaintiffs allowed to voluntarily dismiss complaints without leave of the circuit court, the resulting absence of such a judgment or order could potentially compro-

mise both judicial economy and fairness by prolonging a matter that might otherwise have been resolved.[8] It is consequently left to the sound discretion of the circuit courts to determine whether such dismissals might compromise the interests of the parties or the public.

Although it is arguable that the protection of the public interest might militate against dismissing some appeals, in adopting Wis. Stat. § (Rule) 809.18 this court has determined that both fairness to the appellee and judicial economy outweigh any public interest in continuing an appeal which an appellant wishes to dismiss.

Pointing to occasions on which this court has refused to dismiss a case at the request of one or both parties, the defendants also try to establish an analogy between the practice of this court and the court of appeals. *See, e.g., State ex rel. Richards v. Foust,* 165 Wis. 2d 429, 440a-440b, 477 N.W.2d 608 (1991), 480 N.W.2d 444 (1992) (advising litigants of the court's pro-

---

[8] *See, e.g., State v. Kenyon,* 85 Wis. 2d 36, 46, 270 N.W.2d 160 (1978) (refusing to dismiss complaint because it "would be unfair" to the defendant, who had traveled from Texas to attend the preliminary and who would potentially be subjected to a second preliminary at a later date if the State were allowed to dismiss); *Russell v. Johnson,* 14 Wis. 2d 406, 413, 111 N.W.2d 193 (1961) (saying that a plaintiff's leave to discontinue may be denied; plaintiff's absence from court on day appointed for trial resulted in inconvenience to the defendant and the jury); *Burling v. Burling,* 275 Wis. 612, 82 N.W.2d 807 (1957) (upholding circuit court's refusal to grant plaintiff's motion to dismiss in a divorce action, noting, *inter alia,* that the defendant had not been given an opportunity to refute charges made against her).

cedure upon a filing of a notice of dismissal).[9] For different reasons, this analogy also fails.

The rules of appellate practice applicable to the court of appeals are not always applicable to this court, which functions primarily as a law-developing court. Partly as a consequence of the different functions served by Wisconsin's two appellate courts, Wis. Stat. § (Rule) 809.63 provides that the rules governing procedure in the court of appeals are applicable to proceedings in the supreme court "unless otherwise ordered by the supreme court in a particular case." Hence the defendants' analogy between their case and *Foust*—in which the court relied on Rule 809.63 to depart from Wis. Stat. § (Rule) 809.18 and decline the parties' stipulation to dismiss this court's review—is misplaced.

The defendants' third argument relies upon *State v. Thiel*, 171 Wis. 2d 157, 491 N.W.2d 94 (Ct. App. 1992), in which the court of appeals invoked its authority under Wis. Stat. § (Rule) 809.24 (allowing reconsideration) to reinstate an appeal that had previously been voluntarily dismissed under Wis. Stat. § (Rule) 809.18.

In *Thiel*, a criminal case, the State appealed the circuit court's order suppressing the accused's statement and the accused cross-appealed from both the circuit court's determination that his confession was voluntary and two other orders. Three weeks after the accused filed his cross-appeal and before briefing had begun, the State filed a notice of voluntary dismissal

---

[9] This court also denied the parties' motion for voluntary dismissal by unpublished order in *Hefty v. Hefty*, 172 Wis. 2d 124, 493 N.W.2d 33 (1992). For this court's internal operating procedure regarding voluntary dismissal, see Internal Operating Procedures II(L)(4) (Wis. 1994).

and a motion to dismiss the accused's cross-appeal, arguing that the dismissal of its appeal mandated dismissal of the cross-appeal as well.

The court of appeals dismissed the State's appeal but denied the State's motion to dismiss the cross-appeal. The State then moved to reinstate its voluntarily dismissed appeal. While noting that it was "loathe to condone" the State's manipulative tactics, *Thiel*, 171 Wis. 2d at 159, the court of appeals granted the State's motion to reconsider its prior dismissal order, citing Wis. Stat. § (Rule) 809.24. *Id.*[10]

■ The State's explicit request to rescind its voluntary dismissal distinguishes *Thiel* from this case. In *Thiel* the appellant itself asked for a withdrawal of its prior voluntary dismissal, a situation not covered by Wis. Stat. § (Rule) 809.18. This case, however, is expressly governed by Rule 809.18. The court of appeals cannot unilaterally rewrite that rule, thereby frustrating an appellant's exercise of the prerogative which that rule confers.[11]

---

[10] Wis. Stat. § (Rule) 809.24 provides as follows:

**809.24 Rule (Reconsideration).** The court of appeals may on its own motion reconsider a decision or opinion at any time prior to remittitur if no petition for review under s. 809.62 is filed or within 30 days of the filing of a petition for review. A motion for reconsideration is not permitted.

[11] The defendants also raise a jurisdictional challenge to the court's decision to review this case. Citing *Neely v. State*, 89 Wis. 2d 755, 279 N.W.2d 255 (1979), the defendants point out that under Wis. Stat. § (Rule) 809.62(1), a party can only appeal from an adverse decision in the court of appeals; a party cannot appeal from a favorable decision reached through a rationale with which it disagrees. The defendants argue that the court of appeals' affirmance of the circuit court decision was favorable to

■ For the reasons set forth we conclude that the court of appeals must dismiss an appeal when an appellant files a notice of voluntary dismissal pursuant to Wis. Stat. § (Rule) 809.18 before the court of appeals issues a decision on the appeal. Upon dismissal of an appeal, the appellant is returned to the same position occupied before the appeal was initiated.

*By the Court.*—That part of the decision of the court of appeals relating to the State's appeal is vacated.

the State because it produced precisely the result that the State had originally sought through voluntary dismissal: a return to the *status quo ante* under which the defendants were entitled to retesting by the crime laboratory.

We reject this argument. It is simply not true that the court of appeals' decision was "favorable" to the State. The court of appeals' failure to dismiss the State's appeal infringed directly upon the State's statutory right under Wis. Stat. § (Rule) 809.18 to voluntarily and unilaterally dismiss its appeal.