STATE of Wisconsin, Plaintiff-Respondent,

v.

Joeval M. JONES, Defendant-Appellant.

Supreme Court

*No. 01–1155–CR. Decided May 24, 2002.*

2002 WI 53

(Also reported in 645 N.W.2d 610.)

 

¶ 1. PER CURIAM. The state seeks review of the court of appeals' decision in this case dated and filed December 11, 2001. The defendant-appellant, Joeval M. Jones, also has filed a petition for cross-review pursuant to Wis. Stat. § (Rule) 809.62(7) asking this court to review the issue he raises if this court grants the state's petition for review.

¶ 2. On December 10, 2001, the day before the court of appeals' decision in this matter was dated and filed, Jones filed a notice of voluntary dismissal which stated that he was voluntarily dismissing his appeal in this case pursuant to Wis. Stat. § (Rule) 809.18.[1]

¶ 3. After the petition for review and the petition for cross-review were filed, Jones filed a document in the court of appeals entitled "MOTION FOR ORDER DISMISSING JOEVAL M. JONES' APPEAL PURSUANT TO HIS NOTICE OF VOLUNTARY DISMISSAL FILED ON DECEMBER 10, 2001." In that motion Jones asserted that pursuant to *State v. Lee,* 197 Wis. 2d 959, 972, 542 N.W.2d 143 (1996), the appellate court was required to dismiss his appeal because his notice of voluntary dismissal had been filed the day before the court of appeals filed its decision in this case on December 11, 2001.

---

[1] Wisconsin Stat. § (Rule) 809.18 provides as follows:

Rule (Voluntary Dismissal). An appellant may dismiss a filed appeal by filing a notice of dismissal in the court or, if the appeal is not yet filed, in the trial court. The dismissal of an appeal does not affect the status of a cross-appeal or the right of a respondent to file a cross-appeal.

All statutory references are to the 1999–2000 version unless otherwise noted.

¶ 4. On February 28, 2002, the court of appeals rejected that motion stating the court had no jurisdiction to address it because under Wis. Stat. § (Rule) 809.62(5), the filing of the state's petition for review on January 10, 2002, operated to stay further proceedings in the court of appeals. Moreover, the court asserted that even if it had jurisdiction to address Jones' February 12 motion which sought to implement his December 10 notice of voluntary dismissal, the court said it would "elect to deny the motion . . . because our decision was issued to the parties prior to the receipt of the notice of voluntary dismissal."

¶ 5. On March 27, 2002, the court of appeals clarified that February 28 order and explained the time sequence in more detail. The court noted that under the practice and procedures of the clerk's office, appellate opinions are mailed to the parties the day before the opinions are dated and filed; consequently, Jones' December 10, 2001, voluntary dismissal notice was actually filed the same day the court of appeals' opinion in this matter had been mailed to the parties. Thus, according to the appellate court, as a practical matter, it could not have retrieved its opinion because it had been mailed by the time Jones' voluntary dismissal notice was filed and received by the panel that decided this appeal.

¶ 6. We conclude that this situation is controlled by *State v. Lee,* 197 Wis. 2d 959, 542 N.W.2d 143 (1996), where this court held that the court of appeals may not refuse to dismiss an appeal when an appellant notifies the court of voluntary dismissal of the appeal pursuant to Wis. Stat. § (Rule) 809.18 prior to the court of appeals' issuance of a decision on the merits of the appeal. Specifically, the *Lee* court wrote:

> [w]e conclude that the court of appeals must dismiss an appeal when an appellant files a notice of voluntary dismissal pursuant to Wis. Stat. § (Rule) 809.18 before the court of appeals issues a decision on the appeal. Upon dismissal of an appeal, the appellant is returned to the same position occupied before the appeal was initiated.

197 Wis. 2d at 972.

¶ 7. *Lee* mandates that Jones' notice of voluntary dismissal, filed in this case the day before the court of appeals issued its opinion in this matter, must be given effect. Although the court of appeals' opinion might have been mailed to the parties on the same day as Jones filed his notice of voluntary dismissal, the appellate court's decision bore the file stamp indicating that it was "dated and filed December 11, 2001." That December 11 filing date stamped on the first page of the court of appeals' decision has significance because it starts the 30–day period in which a petition for review must be filed. *See* Wis. Stat. § (Rule) 808.09; *see also St. John's Home v. Continental Cas. Co.,* 150 Wis. 2d 37, 42–43, 441 N.W.2d 219 (1988).

¶ 8. Although this court in *Lee* did not specifically define when a court of appeals' decision is "issued," in *St. John's Home* this court equated the date stamped on the court of appeals' decision or order as the date it was "issued and filed." *Id.* at 43. The fact that the clerk's office as a matter of convenience and courtesy mails appellate decisions to the parties the day before they are "dated and filed" does not mean that those decisions are to be deemed to have been "issued" as of that mailing date. Consistent with past practice and common understanding, we conclude that appellate court decisions are "issued" on the date they are filed and that

date is identified by the date stamped on the first page of the decision.[2] The notice of voluntary dismissal of the appeal filed by Jones on December 10, 2001, operated to automatically dismiss his appeal with no further action needed from the court of appeals. We conclude the court of appeals' decision dated December 11, 2001, must be withdrawn even though the panel of the appellate court deciding that appeal might not have been aware on that date of Jones' notice of voluntary dismissal. Accordingly,

¶ 9. IT IS ORDERED that we deny the petition for review and the petition for cross-review and remand this matter to the court of appeals with directions to withdraw its December 11, 2001, decision in this case thereby returning the defendant-appellant to the same position he occupied before he initiated his appeal from the circuit court's order denying his postconviction motion. *Lee,* 197 Wis. 2d at 972.

---

[2] Wisconsin Ct. App. IOP VI (5)(g) (Oct. 1, 2001) recognizes that court of appeals' opinions and decisions are released to the parties and the public and docketed and filed by the clerk's office on the same date.