# STATE of Wisconsin, Plaintiff-Appellant,

v.

# Vaughn HANSON, Defendant-Respondent-Petitioner.

Supreme Court

*No. 87–0792–CR. Argued January 31, 1989.—Decided May 12, 1989.*

(Also reported in 439 N.W.2d 133.)

For the defendant-respondent-petitioner there were briefs by *Robert J. Dvorak,* and *Dvorak & Fincke, S.C.,* Milwaukee, and oral argument by *Robert J. Dvorak.*

For the plaintiff-appellant the cause was argued by *William L. Gansner,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

DAY, J. This is a review of an unpublished decision of the court of appeals which reversed an order of the Circuit Court for Racine County, Honorable James Wilbershide, Judge, which order dismissed charges of child sexual abuse against Vaughn Hanson (Defendant) following a preliminary hearing. The circuit judge struck the testimony of the five-year-old alleged victim on a finding that the child was unable to distinguish between truth and falsehood and was

therefore incompetent to testify, even though the circuit judge found the child's recitation of what occurred to be "plausible."

The State of Wisconsin (State) appealed and the court of appeals reversed, holding that under sec. 906.01, Stats. 1987–88,[1] the witness was competent to testify. Under this statute, a witness' credibility is a matter to be determined by the factfinder, in arriving at a decision on the merits. The court of appeals concluded that under sec. 906.01, Stats., "Wisconsin courts are no longer empowered to review a witness' competency. Former questions of competency are now credibility issues to be dealt with by the trier of fact." Citing *State v. Dwyer,* 143 Wis. 2d 448, 422 N.W.2d 121 (Ct. App. 1988).[2]

We agree with the court of appeals and affirm.

An issue not decided in this case is: Under what circumstances a child may be declared "unavailable." Here the child did testify at a preliminary hearing.

This case is primarily concerned with the effect of sec. 906.01, Stats., on the finding of incompetency by the judge at the preliminary hearing. This opinion also responds to the Defendant's arguments based on sec. 906.03 (administration of an oath or affirmation).

The case before us involves the most taboo form of pedophilia, incest.

The problem of children testifying in cases such as this is one that will continue to tax the ingenuity of legislatures, the bar, and the courts. The rules and their application are bound to undergo change and modification as our knowledge of the ramification of child sexual

---

[1]**906.01 General rule of competency.** Every person is competent to be a witness except as provided by ss. 885.16 and 885.17 or as otherwise provided in these rules.

[2]*State v. Dwyer* is before this court on review.

exploitation increases. One cannot help but notice the increasing awareness of the lifetime emotional and psychological scars that victims of incest report in later life. Great damage also results to one innocent of such conduct being erroneously convicted or even charged with such a crime.

The question in this case is: Did the circuit judge err as a matter of law in striking the testimony of a five-year-old child at a preliminary hearing as being incompetent because the judge found the child did not understand the "difference between the truth and a lie?"

We agree with the court of appeals and hold that the circuit judge exceeded his authority in determining competence in this case and in striking the child's testimony.

This issue is determined by sec. 906.01, Stats. 1987–88 which provides:

> **906.01 General rule of competency.** Every person is competent to be a witness except as provided by ss. 885.16 and 885.17 or as otherwise provided in these rules.

The circuit judge relied on *State v. Davis*, 66 Wis. 2n 636, 225 N.W.2d 505 (1975). *Davis* established the test for admitting testimony of children too young to understand or appreciate the oath as being able to understand "the difference between the truth and a lie, and if they do have such understanding, that they feel an obligation to tell the truth."

However, the adoption of the new rules of evidence, effective January 1, 1974, by this court nullified the holdings of *Davis* and previous cases on this issue which were based on the law prior to January 1, 1974. Wis. R. Evid., 59 Wis. 2d R157 (1973).

477

## FACTS

This action was commenced in the Circuit Court for Racine County on December 17, 1986 charging the Defendant with first-degree sexual assault of A.H., his four-year-old daughter.

A preliminary hearing was held before Judge Wilbershide on January 7, 1987. The State presented a social worker who testified to the child's description to her of the sexual assault. The judge ruled the testimony did not fall under the "excited utterance" exception to the hearsay rule and was therefore inadmissible. Any question as to the correctness of the ruling is not before us on this review.

The preliminary hearing was continued to February 4, 1987, and A.H., who was then aged five, was called to testify. She was questioned by the district attorney and cross-examined by defense counsel about the concepts of the "truth" and a "lie." The State argued that the child understood the general concepts of truth and falsehood but was having difficulty with the words "truth" and "lie." The judge agreed and stated:

> She clearly and accurately related an event ... and what happened. I think she has shown us that she is competent to testify.

Defense counsel then questioned her at length on "true" and "make believe." The judge then said he saw "real problems" with the child's competence but would permit her to testify and rule later on its acceptance.

The child testified, and with the use of anatomically correct dolls, described how her father played a "game" with her called "wee—wee't" in which he placed his penis in her vagina and made her vagina

bleed. Defense counsel argued she was "too young to come to court and give reliable testimony." Further questioning about "truth" and "lie" was carried on by both counsel and the judge. The judge posed what the State describes as a "vague and leading compound question;" the judge's question was, "Do you know the difference between telling what really happened, and something that didn't happen? Do you know that? If you don't, tell me no." The child then answered, "no."[3] The judge then stated he did not believe the child could satisfy sec. 906.03, Stats.[4]

The judge said he would take the matter of competency under advisement.[5]

---

[3]One cannot help but wonder what the child's answer would have been if the judge's question had been; "Do you know the difference between telling what really happened, and something that didn't happen? Do you know that? *If you do, tell me yes.*"

[4]**906.03 Oath or affirmation. (1)** Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so.

**(2)** The oath may be administered substantially in the following form: Do you solemnly swear that the testimony you shall give in this matter shall be the truth, the whole truth and nothing but the truth, so help you God.

**(3)** Every person who shall declare that he has conscientious scruples against taking the oath, or swearing in the usual form, shall make his solemn declaration or affirmation, which may be in the following form: Do you solemnly, sincerely and truly declare and affirm that the testimony you shall give in this matter shall be the truth, the whole truth and nothing but the truth; and this you do under the pains and penalties of perjury.

**(4)** The assent to the oath or affirmation by the person making it may be manifested by the uplifted hand.

[5]The judge found the child's testimony plausible. The judge stated:

On March 10, 1987, at a hearing, the judge rendered his decision striking the child's testimony and issued a written order on March 20, 1987, striking the testimony of the social worker and the child and dismissing the charge against the Defendant. The State appealed.

The court of appeals reversed the circuit judge's order and remanded the cause for further proceedings. It held that "judges in Wisconsin are not empowered to review a witness' competency" and therefore the circuit judge erred by ruling A.H.'s testimony inadmissible on the ground that she was not able to distinguish between the truth and a lie.

This case is governed by sec. 906.01, Stats. At the time of its adoption, effective January 1, 1974, the Judicial Council in its committee note stated:

> The basic substantive change is the elimination from mention of the two prior code conditions to 'qualification': that a witness must be capable of expressing himself concerning the matter so as to be understood by the judge and jury either directly or through interpretation by one who can understand him; and that the witness is capable of understanding the duty of a witness to tell the truth. These conditions must exist in Wisconsin, *Collier v. State,* 30 Wis. 2d 101, 140 N.W.2d 252, (1966); s. 885.30.

---

[T]here is plausibility here. I don't think anybody can challenge that. . . .

Plausibility, which is the test I have to look to. . . .

I am satisfied she totally is incapable of understanding oath or affirmation, but if there is some authority she can be accepted as a witness, notwithstanding that lack of understanding, then I think the record would support the plausibility, and that would result in the required findings. On the other hand if her total lack of ability to understand oath or affirmation disqualifies her, I don't think you have a record. That is what it comes down to at this point.

The effect of the application of [prior] Wisconsin case law and the statute is to leave to the judge the question of competency and admissibility initially and the question of sufficiency secondarily if admissibility is determined. If the proponent survives these tests, the jury ultimately assesses weight and credibility.

Adoption of a s. 906.01 necessitates repeal of s. 885.30, and withdrawal of the case law thus removing from judicial determination the question of competency and admissibility; judicial determination of sufficiency and the jury assessment of the weight and credibility survive. The effect of the change is to shift the opponent's emphasis from a *voir dire* attack on competency to a cross-examination and introduction of refuting evidence as to weight and credibility. (Citations omitted.)

Judicial Council Committee's Note, Wis. R. Evid., 59 Wis. 2d R157–58 (1974).

The *Davis* case relied on by the judge recognized its holding was based on the former statute which had been superseded by the new rules. The court in *Davis* said:

This court has held that where a proper determination of competency has been initially made by the trial court, subsequent discrepancies in the witness' testimony would not be proper grounds for striking the testimony, but would merely create an issue of credibility for the jury. *Degroot v. Van Akkeren, supra,* page 114. This position has been extended by the current rules of Wisconsin evidence wherein every witness is competent to testify (with certain noted exceptions) and that *all former competency issues now are issues of credibility to be dealt with by the trier of fact. See:* sec. 906.01, Stats., 59 Wis. 2d

481

Rp. 157, effective January 1, 1974, and comment following.

*Davis,* 66 Wis. 2d at 647 (emphasis added).

The circuit judge erred as a matter of law in striking the child's testimony on the basis of competency.

We hold that under sec. 906.01, Stats. 1987–88 competency is no longer a test for the admission of a witness' testimony except as provided in the rules. The only question is credibility which will be resolved when the case is submitted on the merits.

Defendant then argues that a witness found "incompetent" by the court could not meet the requirements for the administration of an oath or affirmation pursuant to sec. 906.03, Stats. *See* n. 4. The circuit court in its order dismissing the action struck A.H.'s testimony "on the grounds that it [was] unsworn." We conclude that a child of tender years who is a witness need not be formally "sworn" to fulfill the requirement of sec. 906.03.

How an oath or affirmation directed by the statute is modified or dispensed with when testimony is elicited from young children lies within the sound discretion of the circuit court. Each case must be decided on its own facts. The age and mental capacity of the child, emotional state, maturity or lack thereof or under what physical surrounding the testimony should be taken are factors to be considered. Indeed, it has been noted in Wisconsin that great leeway is granted to the circuit court in administering the "oath."

However, in *State ex rel. Shields v. Portman,* 242 Wis. 5, 6 N.W.2d 713 (1942) and *DeGroot v. Van Akkeren,* 225 Wis. 105, 273 N.W. 725 (1937) it was held that a child's solemn promise to tell the truth was an alternative to an oath and that the statute requiring an oath is directory, not mandatory.

Judicial Council Committee's Note, Wis. R. Evid., 59 Wis. 2d R162 (1973). The State points out that A.H. "was never asked to make a solemn promise to tell the truth."

Wigmore says that "the preferable course is to accept a child's story for what it seems to be worth, as ascertainable upon testifying, and not to impose any fixed limitations." 6 Wigmore, *Evidence,* sec. 1821 at 405 (Chadbourne rev. 1976). A child's inclination to testify truthfully may be more a matter of their upbringing and instinct, "than of a conscious reflection upon the prospects of a future state." *Id.*

Judges must be particularly sensitive to children who can testify as to what happened, but due to their tender years and inexperience, they become frightened and confused in the formal atmosphere of the court room. The type of questions presented to the child witness in this case would have been difficult to answer even by a person much more mature. "The true purpose of the oath is not to exclude any competent witness, but merely to add a stimulus to truthfulness wherever such a stimulus is feasible." *Id.* sec. 1828 at 413–414.

We agree with the State that this is not a case of "minimal credibility" discussed by Defendant citing *State v. Smith,* 125 Wis. 2d 111, 128–129, 370 N.W.2d 827 (Ct. App. 1985) *rev'd. on other grounds,* 131 Wis. 2d 220, 388 N.W.2d 601 (1986). The *Smith* court cited *Weinstein's Evidence* on minimal credibility. But the

judge in this case did not resolve the issue here on such grounds.

The court of appeals remanded the matter "for a new preliminary hearing at which A.H.'s testimony is admitted for the purpose of determining whether probable cause exists for a bindover." We agree, but we further hold that the judge, in his discretion, may find from the record of the proceedings held on February 4, 1987, at which the child testified, that probable cause exists and that a bindover may be made without conducting a new preliminary hearing.

*By the Court.*—The decision of the court of appeals is affirmed and the cause remanded for further proceedings not inconsistent with this opinion.