STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

David O. DWYER, Defendant-Appellant.

Supreme Court

*No. 87–1031–CR. Argued January 31, 1989.—Decided May 26, 1989.*

(Also reported in 440 N.W.2d 344.)

For the plaintiff-respondent-petitioner the cause was argued by *Paul Lundsten,* assistant attorney general, with whom on the briefs was *Donald J. Hanaway,* attorney general.

For the defendant-appellant there was a brief and oral argument by *John E. Tradewell,* assistant state public defender.

SHIRLEY S. ABRAHAMSON, J. This is a review of a published decision of the court of appeals, *State v. Dwyer,* 143 Wis. 2d 448, 422 N.W.2d 121 (Ct. App. 1988), reversing the judgment of conviction in the Circuit Court for Barron County, Roderick A. Cameron, Circuit Judge. The defendant was convicted of first degree sexual assault in violation of sec. 940.225(1)(d), Stats. 1985–86. The court of appeals reversed the conviction, concluding that the circuit court erred in declaring the four-year-old complaining witness incompetent to testify. We affirm the decision of the court of appeals. As we explain in *State v. Hanson,* 149 Wis. 2d 474, 439 N.W.2d 133 (1989),sec. 906.01 provides that every person is competent to be a witness; the circuit court is not empowered to declare a witness incompetent to testify except as provided in sec. 906.01.

The facts in this case are undisputed for purposes of this review. Ms. Dwyer became suspicious that her three-and-a-half-year-old daughter, A.F., had been sexually assaulted and questioned her. A.F. said that her uncle, the defendant, had hurt her and that he had "stuck something up my butt." The mother reported the incident to the sheriff's department, and the child repeated her charge during an interview with a county protective service worker. The defendant gave a written confession stating that he had sexually assaulted A.F.

At the beginning of the trial, the state requested that the circuit court find the child incompetent to testify at trial. Defense counsel refused to stipulate to the child's incompetency but agreed to a *voir dire* of the child outside the presence of the jury. At the time of the trial, the complainant had just turned four.

The circuit judge, the prosecutor, and defense counsel all questioned the child. The child shrugged her shoulders in response to the only question relating

to her understanding of the difference between the truth and a lie.[1] The child said that she did not remember what had happened at her grandmother's house and that she did not remember what it was she was supposed to tell the judge. She also stated that she felt "really bad" about going back to her grandmother's house because she "hurt." The child identified the defendant by name and recalled that the last time she had seen him was at her grandmother's house.

After the *voir dire* was completed, upon motion by the state, the circuit court declared the child incompetent to testify and unavailable. The court explained its ruling regarding the child's incompetence to testify as follows:

> THE COURT: ... I'll find that the witness [A.F.] ... is not a competent witness. She does not know what the difference is between the truth and lying. And, furthermore, she does not appear capable to be able to provide any meaningful relevant testimony by which a jury may reach a finding of fact one way or the other. I'll find that because she is incompetent she is not available to testify within the purposes of the confrontation requirement of the U.S. Constitution and as delineated under *Ohio v. Roberts,* or *Roberts v. Ohio.* I don't remember which it was anymore. A U.S. Supreme Court case. Therefore, if the State can establish the required founda-

---

[1]MR. BABLER: A———, do you know what the difference is between telling the truth and telling a lie?
AF: (Indicates.)
MR. BABLER: Do you?
AF: (Indicates.)
MR. BABLER: You don't?
MR. GOETZ: If we could have the record reflect she shook her head no.
THE COURT: She shrugged her shoulders.

tions that the proposed hearsay testimony falls within an exception to the hearsay rule such as an excited utterance, then it would be admissible for use at this trial. If the State cannot prove the required foundation to get by the hearsay rule, then of course it would not be admissible for trial.

The circuit court allowed the mother and the social worker to testify at trial about the child's statement to them, ruling that the statements were excited utterances admissible under sec. 908.03(2), Stats. 1987–88.[2]

The circuit court apparently excluded the child as a witness for two reasons. First, the circuit court determined that the child was unable to distinguish between the truth and a lie. Sec. 906.03, Stats. 1987–88, provides that "before testifying, every witness shall be required to declare that he will testify truthfully...."

We conclude, as did the state (state's brief, p. 15, n. 4), that the record does not support the circuit court's finding that the child could not distinguish between the truth and a lie. The state's brief notes that "[m]any three- and four-year-old children can recognize a lie through example, but could not respond to the relatively complex question posed to A.F." The state correctly concludes that the question asked of the child in this case was not age appropriate. See margin note 1. The record shows that the circuit court never explored the child's willingness to testify truthfully. Accordingly we conclude that the circuit court erred in concluding that this child could not distinguish between the truth and a

---

[2]Although our decision to remand for a new trial makes consideration of the hearsay and confrontation issues unnecessary, we would affirm the court of appeals' conclusion that the child's out-of-court statements to her mother and the social worker were admissible excited utterances. 143 Wis. 2d at 457–66.

lie and erred in excluding the child as a witness on the grounds that the child was unable to understand the significance of telling the truth. *See State v. Hanson, supra,* 149 Wis. 2d at 475–476.

The second ground the circuit court stated for excluding the child as a witness was that the child could not provide meaningful relevant testimony and was incompetent to testify. The circuit court did not explain its determination. The circuit court may, of course, disqualify a witness whose testimony fails to relate to the facts in issue and is totally lacking in probative value. Secs. 904.01, 904.02, Stats. 1987–88; Weinstein's Evidence, par. 601[04], p. 601–27 (8/88). But the child in this case could and did talk about the facts in issue.[3]

In finding the child incompetent to testify, the circuit court appears to have ignored sec. 906.01, Stats. 1987–88, which provides that "[e]very person is competent to be a witness except as provided by ss. 885.16 [transactions with deceased or insane persons] and 885.17 [transactions with deceased agent] or as otherwise provided in these rules."

We conclude that the circuit court erred as a matter of law in excluding the child from testifying. Under sec. 906.01, Wisconsin judges are no longer

---

[3]The state argues that if the record is insufficient to support a finding that A.F. could not provide meaningful testimony the court should hold that the defendant waived his claim by not objecting to the circuit court's ruling that the child was not available. The court of appeals rejected this contention, concluding that, because defense counsel refused to stipulate to the child's unavailability, the court was sufficiently apprised of the defendant's objection. 143 Wis. 2d at 464. We agree with the court of appeals.

empowered to exclude a witness on grounds of incompetency except as stated in the rules. Competency issues are now generally issues of credibility to be dealt with by the trier of fact in arriving at the decision on the merits. Judicial Council Committee's Note to sec. 906.01, 59 Wis. 2d R157–158 (1973); *State v. Hanson, supra,* 149 Wis. 2d at 476.

It is evident from the record that questions put to a child so young have to be framed to fit the child's age and that the child's responses to questioning have to be evaluated in light of the child's age. Nevertheless, the record reveals that this child was able to tell what happened to her. We can find no legal justification for not allowing her to testify and for not allowing the jury to determine credibility. Even if the circuit court found, as the state urges, that A.F. had "difficulty understanding questions," or that she was "confused and inattentive," state's brief at p. 15, the circuit court is not empowered to exclude the child from testifying under sec. 906.01.[4]

We conclude that the circuit court's decision to exclude A.F.'s testimony was prejudicial error. The

---

[4]The state argues that regardless of the propriety of the circuit court's ruling that the child could not testify under sec. 906.01, this court should consider "whether the record and the underlying factual findings made by the trial court support a finding of constitutional unavailability for purposes of confrontation rights." State's brief at 6. The court of appeals did not reach this question and neither do we. We agree with the court of appeals that this case does not raise the question "whether sec. 908.04 is the exclusive basis upon which a witness can be found unavailable" for purposes of the confrontation clause. 143 Wis. 2d at 465. We disagree with the state's contention that this statement in the court of appeals' opinion "implicitly suggests that sec. 908.04, Stats., may be the 'exclusive basis' for constitutional unavailability." State's brief, p. 7.

state has the burden of proving that there is no reasonable possibility that the error contributed to the conviction. *State v. Dyess,* 124 Wis. 2d 525, 543, 370 N.W.2d 222 (1985). In this case A.F. was a key witness. The only witnesses to the alleged assault were A.F. and the alleged abuser. Thus the trial centered on the credibility of the child and the defendant. The defendant had repudiated his earlier confession. Under these circumstances, we conclude that there is a reasonable possibility that the circuit court's decision to exclude A.F. from testifying, which prevented the jury from observing the child and prevented the defendant from cross-examining his accuser, contributed to the defendant's conviction. We therefore reverse the judgment of conviction.

We affirm the court of appeals' determination that the circuit court erred in declaring A.F. incompetent and unavailable on the grounds that she could not provide meaningful testimony and that she could not differentiate between truth and lies.

The defendant raises three evidentiary issues in addition to the dispositive issues discussed above. First, the defendant argues that the circuit court erred in excluding as irrelevant a witness's testimony offered as support for the defendant's claim that his confession was involuntary. Second, the defendant challenges the circuit court's ruling that the state could, for impeachment purposes, cross-examine the defendant about unrelated sexual activity between the defendant and his sister if he took the stand to recant his confession. Lastly, the defendant argues that a prosecution witness's reference to the defendant's sexual activities, in violation of an *in limine* ruling prohibiting such references, was prejudicial error.

We agree with the court of appeals' resolution of the first two evidentiary issues. *See State v. Dwyer, supra,* 143 Wis. 2d at 465–67. As to the third evidentiary issue, we conclude that the single reference was harmless error.

For the reasons set forth, we affirm the court of appeals' decision to reverse the conviction and remand the case for a new trial.

*By the Court.*—The decision of the court of appeals is affirmed.