STATE of Wisconsin, Plaintiff-Respondent,

v.

GERALD L. C., Defendant-Appellant.

Court of Appeals

*No. 94–2111–CR. Submitted on briefs March 30, 1995.—Decided May 3, 1995.*

(Also reported in 535 N.W.2d 777.)

551

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven A. Koch* of *Seymour, Kremer, Nommensen, Morrissy & Koch* of Elkhorn.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Gregory M. Posner-Weber*, assistant attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

SNYDER, J.   Gerald L.C. appeals an order binding him over for trial on charges of second-degree sexual assault of a child and incest. Gerald argues that the trial court erroneously exercised its discretion at the preliminary hearing when it allowed into evidence an out-of-court statement made by Gerald's fourteen-year-old daughter to a police officer accusing Gerald of sexual assault. We conclude that the hearsay statement is not admissible under either the excited utterance or residual exceptions to the general rule against hearsay. Absent this inadmissible hearsay, we conclude that the evidence is insufficient to constitute probable cause that Gerald committed a felony. Accordingly, we reverse the bindover order.

The sexual assault and incest charges against Gerald in this case were based on a statement made by Gerald's fourteen-year-old daughter, Michelle L.C., to Walworth County Sheriff Deputy Kurt Picknell. Picknell testified at the preliminary hearing that his department received a call from an individual who

stated that Michelle's boyfriend had learned that Gerald made Michelle undress at the home where Michelle was staying.[1] That same day, Picknell contacted Michelle and interviewed her.

Picknell testified that within five minutes of interviewing Michelle, she told him that she had contact with Gerald approximately two weeks earlier. Her demeanor changed when she recalled the event, and "she became kind of shaken" and started crying. Michelle stated that Gerald made her undress, told her to spread her legs and then licked her vagina. According to Picknell, Michelle remained shaken and crying when explaining these particular events, but that she appeared to be more at ease after the interview.

Gerald objected on hearsay grounds to Picknell's testimony regarding Michelle's incriminating statement. The trial court allowed the testimony under the excited utterance exception to the hearsay rule, § 908.03(2), STATS., reasoning in part:

> I believe that two weeks—actually time isn't the issue. The issue is the degree of excitement, and I believe that there's been a foundation laid. The demeanor of the child was she was still shaken, she was crying, and told the police officer that something had happened. She was under the stress of having, she said, her father make her undress, spreading her legs and licking her vagina.

Based solely on Picknell's testimony, the trial court found that there was probable cause to bind Gerald

---

[1] Picknell's statement is somewhat unclear as to who reported the incident to the sheriff's department. However, the State does not refute Gerald's assertion that another individual, not Michelle's boyfriend, made the report.

over for trial on the sexual assault and incest charges.[2] Gerald appeals from this order.[3]

■■■

We review evidentiary rulings made by the circuit court at a preliminary hearing under the erroneous exercise of discretion standard. *State v. Lindberg*, 175 Wis. 2d 332, 341, 500 N.W.2d 322, 325 (Ct. App. 1993). The decision whether to admit hearsay under the excited utterance exception is given deference "because the trial court is best situated to weigh the reliability of the circumstances surrounding the declaration." *Id.* (quoted source omitted). Therefore, we will uphold the court's determination that the evidence is admissible if it is based upon a reasoned application of the proper legal standards to the facts. *Id.*

## EXCITED UTTERANCE EXCEPTION

Section 908.03(2), STATS., sets forth the excited utterance exception to the hearsay rule:

> **Hearsay exceptions; availability of declarant immaterial.** The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . ..
>
> **(2)** EXCITED UTTERANCE. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

---

[2] Gerald was also charged in the complaint with failing to comply with the terms of his bond contrary to § 946.49(1)(b), STATS. This charge was initially dismissed at the preliminary hearing but was realleged in the subsequent information.

[3] We granted Gerald's petition for leave to appeal this nonfinal order on September 13, 1994.

This exception is based on the notion that "excitement or agitation stills the declarant's capacity for conscious reflection, thus reducing the risks associated with fabricated or insincere testimony." 7 DANIEL D. BLINKA, WISCONSIN PRACTICE § 803.2, at 463 (1991).

The principles governing admission of out-of-court statements as excited utterances under § 908.03(2), STATS., are well established by our supreme court:

> Under sec. 908.03(2) time is measured by the duration of the condition of excitement rather than mere time lapse from the event or condition described. The significant factor is the stress or nervous shock acting on the declarant at the time of the statement. The statements of a declarant who demonstrates the opportunity and capacity to review the [event] and to calculate the effect of his [or her] statements do not qualify as excited utterances. Conversely, statements of declarants whose condition at the time of their declarations indicates that they are still under the shock of their injuries or other stress due to special circumstances, will be admitted under this exception.

*Christensen v. Economy Fire & Cas. Co.*, 77 Wis. 2d 50, 57-58, 252 N.W.2d 81, 85 (1977) (footnotes omitted).

■

Our supreme court has expansively applied § 908.03(2), STATS., in child sexual assault cases. *State v. Sorenson*, 143 Wis. 2d 226, 244, 421 N.W.2d 77, 84 (1988); *see also State v. Moats*, 156 Wis. 2d 74, 97, 457 N.W.2d 299, 309 (1990). Extrajudicial statements made by young sexual assault victims may be admissible even though the statements were not made immediately following the incident. *See Sorenson*, 143 Wis. 2d at 244-45, 421 N.W.2d at 84. The theory behind such liberal interpretation of the excited utterance

exception is that the general psychological characteristics of children typically extend the period of time that is free from the dangers of conscious fabrication. 2 CHARLES T. MCCORMICK, MCCORMICK ON EVIDENCE 224 (4th ed. 1992).

In determining whether to apply the excited utterance exception in a child sexual assault case, a court must consider a number of factors, including the age of the child and the contemporaneity and spontaneity of the alleged assertions in relation to the alleged assault. *See State v. Dwyer*, 143 Wis. 2d 448, 459, 422 N.W.2d 121, 124 (Ct. App. 1988), *aff'd*, 149 Wis. 2d 850, 440 N.W.2d 344 (1989). While we are mindful that each case must be viewed on its particular facts, *id.*, a survey of Wisconsin cases that have applied the excited utterance exception to child sexual assault victims' statements reveals three common factors: (1) the child is young—under the age of ten, (2) the time between the incident and the child's report is less than a week and (3) the child first reports the incident to his or her mother.[4] This is consistent with the rationale behind

---

[4] *See, e.g, State v. Lindberg*, 175 Wis. 2d 332, 346, 500 N.W.2d 322, 327 (Ct. App. 1993) (testimony by close friend of the mother of a three-year-old victim concerning statements made by victim hours after the incident held admissible); *State v. Moats*, 156 Wis. 2d 74, 98, 457 N.W.2d 299, 310 (1990) (testimony offered by the mother of a five-year-old victim who learned of sexual assault within a week after perpetrator left the home held admissible); *State v. Dwyer*, 143 Wis. 2d 448, 459, 422 N.W.2d 121, 125 (Ct. App. 1988) (the mother of a three-year-old daughter permitted to testify as to statements made by daughter the day of the assault), *aff'd*, 149 Wis. 2d 850, 440 N.W.2d 344 (1989); *State v. Gollon*, 115 Wis. 2d 592, 598-99, 340 N.W.2d 912, 915 (Ct. App. 1983) (mothers of two six-year-old daughters allowed to testify as to statements made by daugh-

admitting such statements—that young children will tend to repress the stressful incident, will report the incident only to their mother and will be less likely than adults to consciously fabricate the incident over a period of time. *Moats*, 156 Wis. 2d at 97, 457 N.W.2d at 309.

In contrast, Michelle was fourteen years old at the time of the alleged incident and two weeks had passed before she made the statement to Picknell. Further, Michelle told her boyfriend about the incident first, who subsequently reported it to another individual, who then reported it to the police.[5] These factors make Michelle's statement substantially different than those previously allowed under the excited utterance exception.

Of course, these factors by themselves are not dispositive, and the statement may be admissible if the declarant was still under the stress or excitement caused by the event at the time he or she made the

---

ters within two days of incidents); *State v. Padilla*, 110 Wis. 2d 414, 420-21, 329 N.W.2d 263, 267 (Ct. App. 1982) (testimony offered by the mother of a ten-year-old assault victim who learned about the incident three days afterward held admissible); *State ex rel. Harris v. Schmidt*, 69 Wis. 2d 668, 683, 230 N.W.2d 890, 898-99 (1975) (statement of five- year-old victim to mother one day after incident held admissible); *Love v. State*, 64 Wis. 2d 432, 441-42, 219 N.W.2d 294, 299 (1974) (three-year-old sexual assault victim's statement to her mother the day following the incident held to be admissible under common law *res gestae* exception encompassing excited utterance); *Bertrang v. State*, 50 Wis. 2d 702, 707-08, 184 N.W.2d 867, 870 (1971) (statement of nine-year-old victim to mother two days after assault held admissible under exception related to *res gestae*).

[5] We do not determine whether Michelle's statement to her boyfriend is admissible under the excited utterance exception because he did not testify at the preliminary hearing.

statement. The State argues that "[i]t was manifestly reasonable for the court to conclude that the stress and excitement caused by her father's sexual assault still dominated [Michelle's] thought processes" at the time she made the statement to Picknell. We disagree.

The State relies on the fact that Michelle appeared shaken and crying when recounting the alleged assault. However, there is no evidence which would indicate that she was in such an emotional state during the previous two weeks. Also, Picknell testified that Michelle appeared to be at ease after the interview. Further, given the other circumstances, such as her advanced age and two-week time lapse, the rationale behind the assumption in these types of cases—that the stressful influence continued—fails.

Accordingly, we conclude that the trial court misused its discretion by concluding that Michelle's statement was admissible under § 908.03(2), STATS.

## RESIDUAL EXCEPTION

We next address whether Michelle's statement falls within the residual hearsay exception, § 908.03(24), STATS.[6] In *Sorenson*, the supreme court reaffirmed the line of cases liberally construing the excited utterance exception in child sexual assault

---

[6] Section 908.03(24), STATS., provides:

**Hearsay exceptions; availability of declarant immaterial.** The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

**(24)** OTHER EXCEPTIONS. A statement not specifically covered by any of the foregoing exceptions but having comparable circumstantial guarantees of trustworthiness.

cases, but focused instead on the admissibility of such statements pursuant to the residual hearsay exceptions under §§ 908.03(24) and 908.045(6), STATS. *See generally Sorenson*, 143 Wis. 2d at 242-45, 421 N.W.2d at 83-84; *see also* BLINKA, SUPRA at 465. Therefore, in order to properly exercise its discretion, a trial court should consider the admissibility of such hearsay statements under both the excited utterance and residual exceptions. BLINKA, *supra* at 466.

In this case, the trial court did not consider the admissibility of Michelle's out-of-court hearsay statements under § 908.03(24), STATS. However, this court will uphold a circuit court's discretionary decision if the record contains facts which would support the decision had the court fully exercised its discretion. *State v. Gulrud*, 140 Wis. 2d 721, 734, 412 N.W.2d 139, 144 (Ct. App. 1987). Further, we may uphold a circuit court's discretionary decision on a theory or reasoning not presented to the circuit court.[7] *State v. Holt*, 128 Wis. 2d 110, 124-25, 382 N.W.2d 679, 687 (Ct. App. 1985).

The *Sorenson* court developed five factors that a court should consider when determining the admissibility of a young sexual assault victim's out-of-court statement:

> First, the attributes of the child making the statement . . . including age, ability to communicate verbally, to comprehend the statements or questions of others, to know the difference between truth and falsehood, and any fear of punishment, retribution or other personal interest, such as close

---

[7] We note that neither the State nor Gerald presented any argument regarding the admissibility of the statements under the residual exception.

familial relationship with the defendant . . . which might affect the child's . . . motivation to tell the truth.

Second . . . the person to whom the statement was made, focusing on the person's relationship to the child, whether that relationship might have an impact upon the statement's trustworthiness, and any motivation of the recipient of the statement to fabricate or distort its contents.

Third . . . the circumstances under which the statement was made, including relation to the time of the alleged assault, the availability of a person in whom the child might confide, and other contextual factors which might enhance or detract from the statement's trustworthiness.

Fourth, the content of the statement itself . . . noting any sign of deceit or falsity and whether the statement reveals a knowledge of matters not ordinarily attributable to a child of similar age.

Finally, other corroborating evidence, such as physical evidence of assault, statements made to others, and opportunity or motive of the defendant . . ..

*Sorenson*, 143 Wis. 2d at 245-46, 421 N.W.2d at 84-85. No single factor is dispositive of a statement's trustworthiness, and the court must evaluate the force of all factors to determine if the statement possesses the requisite "circumstantial guarantees of trustworthiness" required by § 908.03(24), STATS. *Id.* at 246, 421 N.W.2d at 85.

We next apply this analysis to the statement Michelle made to Picknell, starting with Michelle's attributes. Michelle was fourteen years old at the time she gave the statement to Picknell. Unlike a young child, we cannot conclude that a fourteen year old "is unlikely to review an incident of sexual assault and

calculate the effect of a statement about it." *See Sorenson*, 143 Wis. 2d at 246, 421 N.W.2d at 85. Further, Michelle was of the age where she would have knowledge of the sexual act alleged and also have the mental ability to fabricate.

Second, we consider the persons to whom the statement was made. Michelle first made a statement regarding the alleged assault to her boyfriend. Nothing in the record reveals the nature of Michelle's relationship with her boyfriend or whether her boyfriend knew Gerald. Nevertheless, a statement to her boyfriend does not have the same "circumstantial guarantees of trustworthiness" as if she made the statement to her mother or a family member. *See State v. Oliver*, 161 Wis. 2d 140, 147, 467 N.W.2d 211, 214 (Ct. App. 1991). Further, the boyfriend told another individual, who reported it to the police. Therefore, the initial report to the police lacks a certain guarantee of trustworthiness. However, we note that the statement at issue at the preliminary hearing was made by Michelle to Picknell, who had no previous contact with Michelle and would not have had any motivation to distort her statement.

Third, we review the circumstances under which the statement was made, including its relation to the time of the alleged sexual assault. Gerald's alleged assault occurred two weeks before Michelle made the statement to Picknell, which the State concedes is "somewhat lengthy." We recognize that unlike the excited utterance exception, use of the residual exception in child sexual assault cases is even less reliant upon immediacy of statements because other indicia of reliability support its trustworthiness. *Sorenson*, 143 Wis. 2d at 244-45, 421 N.W.2d at 84. However, where other indicia of reliability are lacking, as in this case,

such an extended length of time weighs against trustworthiness. Other circumstances surrounding the statement are unremarkable. For example, the statement was disclosed outside in front of the home where Michelle was staying. Further, the fact that the statement was not volunteered but made in response to Picknell's questioning is not controlling. *See id.* at 248, 421 N.W.2d at 86.

Fourth, we examine the content of the statement itself. The statement reveals a knowledge of matters which would ordinarily be attributable to a child of similar age. Unlike a young child, we cannot say that a fourteen year old "is unlikely to fabricate a graphic account of sexual activity because it is beyond the realm of his or her experience." *Id.* at 249, 421 N.W.2d at 86. However, we also note that the statement does not contain any apparent sign of falsity or deceit.

Fifth, we consider other corroborating evidence. Here, there was no physical evidence of sexual assault and no other witnesses were presented to corroborate the statement.

Under the totality of these factors, we conclude that Michelle's statement does not possess sufficient guarantees of trustworthiness to be admissible under the residual hearsay exception, § 908.03(24), STATS. The combination of her age, length of time between the alleged incident and her report to the police, the manner in which the police were informed and the lack of corroborating evidence all weigh against "circumstantial guarantees of trustworthiness."

We recognize the unusually compelling need for admission of hearsay arising from young sexual assault victims' inability or refusal to express themselves in court when the child and the perpetrator are

the sole witnesses. *Sorenson,* 143 Wis. 2d at 243, 421 N.W.2d at 84. However, we believe that allowing Michelle's statement under either § 908.03(2) or 908.03(24), STATS., would extend these hearsay exceptions to such a degree as to render the rule against hearsay meaningless in child sexual assault cases. Such a result is for the legislature to decide, not this court.[8]

## PROBABLE CAUSE FOR BINDOVER

Our last task is to review the trial court's order binding Gerald over for trial in light of our holding that Michelle's statement to Picknell constitutes inadmissible hearsay. We review the bindover order de novo, examining the factual record to determine whether as a matter of law the evidence constitutes probable cause. *Moats,* 156 Wis. 2d at 84, 457 N.W.2d at 304. "Probable cause is satisfied at a preliminary hearing when there exists a believable or plausible account of the defendant's commission of a felony." *Sorenson,* 143 Wis. 2d at 251, 421 N.W.2d at 87.

Picknell was the sole witness presented by the State at the preliminary hearing. No other witnesses or physical evidence was introduced to corroborate Michelle's allegations. Therefore, because Michelle's statements to Picknell constitute inadmissible hearsay, the record is devoid of any evidence to suggest that

---

[8] We note that a growing number of states have enacted hearsay exceptions that specifically cover situations where children are involved as witnesses or victims. 2 CHARLES T. MCCORMICK, MCCORMICK ON EVIDENCE 224 (4th ed. 1992). Again, whether a special exception is desirable or prudent is not for this court to decide.

a felony was committed. Accordingly, we conclude that the circuit court's finding of probable cause binding Gerald over for trial was improper and we reverse the bindover order.

*By the Court.*—Order reversed.