STATE of Wisconsin,
Plaintiff-Respondent,

v.

Pablo RUIZ-VELEZ,
Defendant-Appellant.

Court of Appeals

*No. 2008AP175–CR. Submitted on briefs October 7, 2008.
—Decided October 28, 2008.*

2008 WI App 169

(Also reported in 762 N.W.2d 449.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Melinda A. Swartz*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *Gregory M. Weber*, assistant attorney general.

Before Fine, Kessler and Brennan, JJ.

¶ 1. FINE, J. Pablo Ruiz-Velez appeals, pursuant to our leave, the non-final order of the circuit court denying his motion to have the official court reporter transcribe audiovisual recordings of statements made by the child whom Ruiz-Velez was convicted of sexually assaulting that were received into evidence pursuant to Wis. Stat. Rule 908.08(1) ("In any criminal trial . . . the court . . . may admit into evidence the audiovisual recording of an oral statement of a child who is available to testify, as provided in this section."). The Record does not reveal that Ruiz-Velez asked that the recordings be taken down by the court reporter as they were played for the jury, and the judge presiding over the trial did not order it. The postconviction court entered the order from which this appeal is taken. The State concedes that the audiovisual recordings should be transcribed by the official court reporter and, although we are not bound by the State's concession, *see State v. Gomaz*, 141

Wis. 2d 302, 307, 414 N.W.2d 626, 629 (1987), we agree. Accordingly, we reverse and remand with directions that the recordings be transcribed by the official court reporter.

## I.

¶ 2. Ruiz-Velez was convicted by a jury of two counts of repeated sexual assault of a child. *See* Wis. Stat. § 948.025(1)(a). The audiovisual recordings were of a police detective's interview with the alleged victim, who was then some three-and-one-half months shy of her ninth birthday. Ruiz-Velez did not object to the recordings being received into evidence or played to the jury.[2] Although the postconviction court originally agreed with Ruiz-Velez and the State that the recordings of the child's interview with the police detective should have been transcribed, it later changed its mind, concluding that the recordings were "exhibits" and not "sworn testimony," and that if Ruiz-Velez wanted them transcribed he could "have somebody" do it but that it was "not ordering the State's court reporter to do it."

## II.

¶ 3. Whether an official court reporter must take down and transcribe audiovisual recordings received into evidence under Wis. Stat. Rule 908.08 requires that we apply statutes and rules. Thus, our review is

[2] Ruiz-Velez did, however, contend that a part of the recordings should not have been played for the jury. The State agreed with the proposed redaction. Ruiz-Velez asserts on this appeal that there is an issue of whether the redaction was fully implemented, but notes that it is not yet ripe for postconviction review.

*de novo. See State v. Turnpaugh,* 2007 WI App 222, ¶ 2, 305 Wis. 2d 722, 725, 741 N.W.2d 488, 490. Unless there is an ambiguity or constitutional infirmity, we apply statutes and rules as they are written. *See State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 662, 681 N.W.2d 110, 123–124.

■

¶ 4. WISCONSIN STAT. RULE 885.42(4) provides: "At trial, videotape depositions and other testimony presented by videotape shall be reported." As we have seen, the postconviction circuit court determined that this Rule did not apply because the recordings were received as "exhibits" and were not "sworn testimony."[3] We disagree.

¶ 5. The recorded "oral statement of a child who is available to testify," made admissible by WIS. STAT. RULE 908.08, is *the testimony* of that child, supplemented by in-court testimony as provided for by RULE 908.08(5), irrespective of whether that "oral statement" is "sworn."[4] Simply put, whether a child giving evidence is

---

[3] A prerequisite to the admission of an audiovisual recording under WIS. STAT. RULE 908.08 is "[t]hat the child's statement was made upon oath or affirmation or, if the child's developmental level is inappropriate for the administration of an oath or affirmation in the usual form, upon the child's understanding that false statements are punishable and of the importance of telling the truth." RULE 908.08(3)(c). Although the child's interview with the police detective was not "upon oath or affirmation," Ruiz-Velez does not dispute that the audiovisual recordings were admissible. In any event, our decision does not turn on the distinction between "sworn" and "unsworn" testimony.

[4] WISCONSIN STAT. RULE 908.08(5) provides:

(a) If the court or hearing examiner admits a recorded statement under this section, the party who has offered the statement into evidence may nonetheless call the child to testify

"sworn" has no bearing on whether that evidence is "testimony" that must be taken down by the court reporter. Thus, a child-victim who would be traumatized by having to testify in the direct eye-to-eye contact of his or her alleged abuser may testify in court even though he or she cannot be "sworn." WIS. STAT. § 972.11(2m)(bm)4.[5] This accords with the general proposition that courts

immediately after the statement is shown to the trier of fact. Except as provided in par. (b), if that party does not call the child, the court or hearing examiner, upon request by any other party, shall order that the child be produced immediately following the showing of the statement to the trier of fact for cross-examination.

(am) The testimony of a child under par. (a) may be taken in accordance with s. 972.11 (2m), if applicable.

(b) If a recorded statement under this section is shown at a preliminary examination under s. 970.03 and the party who offers the statement does not call the child to testify, the court may not order under par. (a) that the child be produced for cross-examination at the preliminary examination.

[5] WISCONSIN STAT. § 972.11(2m) reads, as material:

(a) At a trial in any criminal prosecution, the court may, on its own motion or on the motion of any party, order that the testimony of any child witness be taken in a room other than the courtroom and simultaneously televised in the courtroom by means of closed-circuit audiovisual equipment if all of the following apply:

1. The court finds all of the following:

a. That the presence of the defendant during the taking of the child's testimony will result in the child suffering serious emotional distress such that the child cannot reasonably communicate.

b. That taking the testimony of the child in a room other than the courtroom and simultaneously televising the testimony in the courtroom by means of closed-circuit audiovisual equipment is necessary to minimize the trauma to the child of testifying in the courtroom setting and to provide a setting more amenable to securing the child witness's uninhibited, truthful testimony.

2. The trial in which the child may be called as a witness will commence:

a. Prior to the child's 12th birthday; or

may dispense with the witness-oath "when testimony is elicited from young children." *State v. Hanson*, 149 Wis. 2d 474, 482, 439 N.W.2d 133, 137 (1989). Indeed, as we have seen in footnote 4, the testimony authorized by § 972.11(2m)(bm)4 even though the child-witness is not under oath is characterized by RULE 908.08(5)(am) as *"testimony."* (Emphasis added.) *See also State v. Anderson*, 2006 WI 77, ¶ 103, 291 Wis. 2d 673, 720, 717 N.W.2d 74, 98 (Statements made and admitted under RULE 908.08 have "the effect of a direct examination.") ("[T]he videotape [admitted under RULE 908.08] was the testimony of a single witness."). There is no doubt but that unsworn testimony that is authorized by § 972.11(2m)(bm)4 and the rule recognized by *Hanson* would have to be taken down by the official court reporter. The oral statements of children recorded and received into evidence pursuant to RULE 908.08 are no different.

¶ 6. Significantly, and reinforcing our analysis, SCR 71.01(2) requires that "[a]*ll* proceedings in the circuit court shall be reported," with exceptions not

---

b. Prior to the child's 16th birthday and, in addition to its finding under subd. 1., the court finds that the interests of justice warrant that the child's testimony be taken in a room other than the courtroom and simultaneously televised in the courtroom by means of closed-circuit audiovisual equipment.

. . . .

(bm) If a court orders the testimony of a child to be taken under par. (a), the court shall do all of the following:

. . . .

4. *Determine that the child understands that it is wrong to tell a lie and will testify truthfully if the child's developmental level or verbal skills are such that administration of an oath or affirmation in the usual form would be inappropriate.*

(Emphasis added.)

material.[6] (Emphasis added.) " 'Reporting' means making a verbatim record." SCR 71.01(1). Supreme Court Rule 71.01(2)'s all-encompassing command ends our analysis. The postconviction circuit court erred in denying Ruiz-Velez's motion to have the official court reporter transcribe the audiovisual recordings received into evidence under WIS. STAT. RULE 908.08. We reverse and remand with directions that the recordings be transcribed by the official court reporter.

*By the Court.*—Order reversed and cause remanded with directions.

---

[6] A supreme court rule "has the force of a statute." *Mosing v. Hagen*, 33 Wis. 2d 636, 644, 148 N.W.2d 93, 98 (1967).